UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

GRACIE BAKED LLC, WECARE RG, INC.,  :
and MILLERCOBB LLC, on behalf of  :
themselves and all others similarly situated,[1]  :
   :
              Plaintiffs,  :
   :
      -against-  :
   :
GIFTROCKET, INC., TREMENDOUS, INC.,  :
NICHOLAS BAUM, KAPIL KALE,  :
JONATHAN PINES, and BENJAMIN KUBIC,  :
   :
              Defendants.  :
------------------------------------------------------------ X

                       **ORDER**

              22 Civ. 4019 (RPK) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

      The relief requested at ECF No. 62-1 is granted in part and denied in part.  At ECF No.

62-1, Plaintiffs move for the Court to order jurisdictional discovery as to Defendants Pines and

Kubic (the "Individual Defendants") as discussed during the June 6, 2023 conference with the

District Court.  ECF No. 62-1 at 1.  According to Plaintiffs, Mr. Pine and Mr. Kubic decline to

respond to jurisdictional discovery other than to answer ten interrogatories.  Id.

      At ECF No. 62-1, Plaintiffs describe some of the discovery that they seek as

jurisdictional discovery.  Some of this information appears unrelated to the Individual

Defendants' connections to New York, although it may be related to Plaintiffs' claims generally.

See, e.g., id. at 1 (request for Defendants' knowledge of customer confusion, request for basic

financial data).  Other requested information may relate to a possible connection with New York

---

[1] Plaintiffs bring this action as a putative class action.  See generally ECF No. 29.

1

for either or both of the Individual Defendants, such as "which individuals are responsible for running what in the company." Id.

The Individual Defendants moved to dismiss the action against Mr. Pines and Mr. Kubic. ECF No. 88. Although the Court does not decide the motion to dismiss for lack of personal jurisdiction because it is moot based on the grant of the motion to amend the complaint, the Court discusses Plaintiffs' request for jurisdictional discovery as the arguments in the motion are largely the same as those made in the letters at ECF Nos. 62-1 and 63. In the motion to dismiss, Defendants Pines and Kubic argued that the operative pleading lacked specific allegations against them that could give rise to jurisdiction in a New York-based court given that neither Mr. Pines nor Mr. Kubic was a resident in New York. ECF No. 88-1 at 1. According to Mr. Kubic, he previously lived in New York while employed by a different company not involved in this litigation. Id. at 2. Mr. Pines alleges that the complaint lacks any facts to support his connection to New York. Id. In contrast, according to Plaintiffs, these two Defendants each "transacts substantial business in New York." ECF No. 29 paras. 42, 46.

These two Defendants argue that the complaint fails to meet the New York jurisdictional standard that a plaintiff must allege specific conduct by a defendant that was directed at New York and that gave rise to the plaintiff's claims. ECF No. 88-1 at 5 (citations omitted). They highlight the complaint's lack of specific allegations about conduct by these Individual Defendants directed at New York, and at the temporal gap between Mr. Pines's conduct and New York. Id. at 7.

In their memorandum of law, Defendants argue that Plaintiffs are not entitled to jurisdictional discovery based on the same arguments raised in their letter briefs to the undersigned. Id. at 8. In both submissions, they argue that jurisdictional discovery is only

2

allowed when the complaint includes specific, nonconclusory facts that if developed through discovery could show substantial contacts with New York.  Id.  They argue that the Individual Defendants' roles in the company are insufficient to allege that either is a high-level executive with "obvious decision-making authority."  Id. at 9 (citations omitted).  Defendants make this argument even though Mr. Pines founded GiftRocket and now serves as a Director.  Id. at 3.  According to Defendants, Mr. Kubic joined GiftRocket to work on a business-to-business line, id. at 4, although Plaintiffs claim that he leads the operations and finance teams, ECF No. 29 para. 46.

According to Plaintiffs in their opposition to Individual Defendants' motion to dismiss, they are entitled to jurisdictional discovery to confirm the applicability of the New York long-arm statute which allows jurisdiction over corporate officers where the officers were primary actors in the underlying torts.  ECF No. 88-3 at 20-21.  Plaintiffs argue that where an individual corporate defendant allegedly directs the tortious acts of the company, including in New York, courts in New York may exercise long-arm jurisdiction over that defendant.  Id. at 22-23.  According to Plaintiffs, they believe that Mr. Pines and Mr. Kubic were members of senior management that likely interacted with Sunrise Banks as well as the Tremendous entities.  Id. at 23.  Plaintiffs reason that given that GiftRocket operates in New York, it is logical to believe that Mr. Pines and Mr. Kubic also had sufficient operations in New York to justify a finding of personal jurisdiction.  Id. at 23-24.  According to Plaintiffs, jurisdictional discovery is permissible where a party has alleged such a "colorable" basis of jurisdiction.  Id. at 24 (citations omitted).

Plaintiffs have the better argument as to whether jurisdictional discovery should be permitted.  "It is well settled under Second Circuit law that, even where plaintiff has not made a

prima facie showing of personal jurisdiction, a court may still order discovery, in its discretion, when it concludes that the plaintiff may be able to establish jurisdiction if given the opportunity to develop a full factual record." Leon v. Shmukler, 992 F. Supp. 2d 179, 194 (E.D.N.Y. 2014). "Obviously, a plaintiff is not entitled to such discovery in every situation, but rather only when the allegations are sufficient to articulate a colorable basis for personal jurisdiction, which could be established with further development of the factual record." Leon, 992 F. Supp. 2d at 195; see New York v. Mountain Tobacco Co., 55 F. Supp. 3d 301, 314 (E.D.N.Y. 2014) (granting jurisdictional discovery in part based on the allegations that defendant held a high-level corporate position in defendant company, relying on Leon); see also SNS Bank, N.V. v. Citibank, N.A., 7 A.D.3d 352, 354, 777 N.Y.S.2d 62, 64 (1st Dep't 2004) (affirming denial of jurisdictional discovery where plaintiff failed to offer "some tangible evidence which would constitute a 'sufficient start' in showing that jurisdiction could exist, thereby demonstrating that its assertion that a jurisdictional predicate exists is not frivolous" (citation omitted)).

The parties will have an opportunity to request permission to brief a motion to dismiss in response to the second amended complaint, and they can raise the lack of personal jurisdiction if appropriate. See, e.g., Dannenfelser v. Flexi N. Am., LLC, No. 22 Civ. 6608 (SIL), 2024 WL 640025, at *7 (E.D.N.Y. Feb. 15, 2024) (granting plaintiff's motion to conduct jurisdictional discovery and denying corporate defendant's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) with leave to be resubmitted if appropriate after the completion of such discovery). Allowing jurisdictional discovery prior to such a motion is consistent with cases giving plaintiffs a reasonable opportunity to substantiate allegations of corporate and personal conduct that would subject Individual Defendants to long-arm jurisdiction under the New York statute. See, e.g., Chanel, Inc. v. Shiver & Duke LLC, No. 21 Civ. 01277 (MKV), 2022 WL

3868113, at *2 (S.D.N.Y. Aug. 30, 2022) (denying motion to dismiss for lack of personal jurisdiction after jurisdictional discovery revealed sufficient business contacts with New York). Counsel are to coordinate a schedule for conducting jurisdictional discovery alongside the detailed schedule for discovery that the parties have been ordered to submit.  All jurisdictional discovery is to be completed before the parties file a premotion conference letter as to any motion to dismiss.  The parties may have until May 24, 2024 to complete jurisdictional discovery, including any depositions.

As to the contours of jurisdictional discovery as to Individual Defendants, the Court is unclear as to whether Plaintiffs have suggested that all of the requests set forth in Appendix A attached at ECF No. 62-1, including those directed to GiftRocket, relate to jurisdictional discovery, or whether jurisdictional discovery is simply subsumed in these more general requests.  Despite this lack of clarity in Plaintiffs' requests, the Court denies Defendants' request to limit jurisdictional discovery to ten interrogatories about Mr. Pines and Mr. Kubic.  Plaintiffs may pursue jurisdictional discovery via the available tools, while keeping in mind that the discovery must be directed to the legal standards applicable to the New York long-arm statute.

Dated: Brooklyn, New York
        March 28, 2024

*Vera M. Scanlon*

_____
VERA M. SCANLON
United States Magistrate Judge