

Megan O'Neill<br>
moneill@dtolaw.com<br>
(415) 630-4100

November 8, 2024

**VIA ECF**

The Honorable Vera M. Scanlon
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *Gracie Baked LLC, et al. v. GiftRocket, Inc., et al.*, No. 1:22-cv-04019-RPK-VMS

Dear Judge Scanlon:

We submit the GiftRocket Defendants' separate motion to compel Plaintiffs to (1) update their initial disclosures and (2) amend certain interrogatory responses.[1]

The parties discussed the issues set forth in this letter brief during a meet and confer on October 29, 2024, as well as in written correspondence dated October 18, October 22, and October 29, 2024.  *See* Kramer Decl. Exs. 1–3.  Plaintiffs informed Defendants that the parties were at an impasse on these issues following the October 29 meet and confer.  *Id*. Ex. 3.

### I.     Plaintiffs Are Obligated to Supplement Their Disclosures and Responses

The parties are nearing the end of fact discovery, yet Plaintiffs continue to refuse to disclose critical information about their damages theories.  In contravention of their obligations under Rule 26(a), to date Plaintiffs **have refused to indicate in their initial disclosures and discovery responses how they intend to compute the categories of damages alleged in their operative Complaint**.  Nor have Plaintiffs even identified what damages they seek from each Defendant.  Further delay will grossly prejudice the GiftRocket Defendants' ability to defend the case.

Plaintiffs' obligations under Federal Rule of Civil Procedure 26 are on-going in nature.  *See* Fed. R. Civ. P. 26(e).  Plaintiffs are required to supplement their disclosures in a timely manner as they uncover more facts through the discovery process.  *See Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 164 (S.D.N.Y. 2012).  "[A]s discovery progresses, much greater detail than previously provided [is] necessary to satisfy Rule 26(a)."

---

[1] The GiftRocket Defendants sought to submit this motion to compel as a joint filing.  The GiftRocket Defendants provided their portion of the letter to Plaintiffs on Saturday, November 2 and proposed a briefing schedule.  The parties were unable to work out a suitable briefing schedule, so Defendants filed separately.

275926

The Honorable Vera M. Scanlon
November 8, 2024
Page 2

*Max Impact, LLC v. Sherwood Grp., Inc.*, 2014 WL 902649, at *5 (S.D.N.Y. Mar. 7, 2014) (cleaned up).

### II.     Plaintiffs' Initial Disclosures Are Out of Date and Incomplete

The Court should compel Plaintiffs to amend and/or supplement their initial disclosures to comply with Rule 26(a) and (e).  Plaintiffs' operative initial disclosures were served on March 17, 2023, prior to the filing of the Second Amended Complaint, and before the last year and a half of additional discovery.  Presently, Plaintiffs' sparse initial disclosures provide:

> Plaintiffs claim damages to the proposed class in excess of $5 million, including but not limited to actual damages, equitable disgorgement, statutory damages, and enhanced or punitive damages. Plaintiffs' damages calculations rely on information still subject to pending discovery and within Defendants' possession or control. Plaintiffs will provide Defendants with an expert report at the appropriate time.

Yet, during certain meet-and-confer discussions, Plaintiffs have indicated their intention to rely *solely* upon a disgorgement remedy.  At other times, Plaintiffs have reaffirmed their intention to seek all damages alleged in the Complaint.  Their position on retaining a damages expert has also varied.  *See* Kramer Decl. ¶¶ 6–8.  Further, Plaintiffs must outline their claim for damages as against ***each particular Defendant***.  Each Defendant is entitled, based on the information currently available to Plaintiffs, to an "assessment of damages" with "sufficient detail so as to enable each of the multiple Defendants in this case to understand the contours of its potential exposure."  *City & Cnty. of S.F. v. Tutor–Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003).

Since at least June of this year, Plaintiffs have claimed on numerous occasions that they are exclusively seeking an equitable disgorgement remedy.  Kramer Decl. ¶ 6.  If that is the case, it is imperative they update their initial disclosures to remove the now-inaccurate characterization of damages sought.  Even if FRCP 26(a)(1)(A)(iii) doesn't require Plaintiffs to *compute* their equitable remedies (as with damages), they must provide *some* explanation of the equitable remedies sought. This would include identifying from which Defendants they seek equitable remedies, such as disgorgement.[2]

To the extent Plaintiffs maintain their claims for actual damages, Rule 26(a)(1)(A)(iii) requires Plaintiffs to disclose an actual "***computation*** of each category of damages claimed."  Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added).  Such computation requires "an estimate of damages ***and some analysis***" supporting that estimation.  *U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, 2013 WL 5495542 at *5 (S.D.N.Y. Oct. 3, 2013) (cleaned up and emphasis added); *see also*

---

[2] For example, it is unclear how Plaintiffs would articulate an equitable disgorgement remedy against Defendant Benjamin Kubic, who joined the GiftRocket/Tremendous team in 2021 and, since then, has worked almost exclusively on the Tremendous product—which does not have the "suggested use" feature Plaintiffs object to.  What would Mr. Kubic disgorge?  On the record to date, Defendants are unable even to guess how Plaintiffs might quantify a recovery against any individual Defendant, and therefore require Plaintiffs to articulate how they intend to do so.

275926

The Honorable Vera M. Scanlon
November 8, 2024
Page 3

*Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (affirming sanction excluding evidence of damages where plaintiff failed to provide proper initial disclosures).  Even providing a total dollar amount of damages "unaccompanied by any analysis whatsoever" is insufficient.  *Max Impact,* 2014 WL 902649, at *6.  Thus, Plaintiffs initial disclosures require supplementation in the following respects.

*First*, merely claiming damages in excess of $5 million, with no analysis whatsoever, does not comply with the express terms of Rule 26(a)—particularly when the parties are less than two months from the close of an extensive two-year long fact discovery process in which all three Plaintiffs have already been deposed, several GiftRocket witnesses have been deposed, and the GiftRocket Defendants have produced nearly 80,000 pages of documents.  Kramer Decl. ¶ 16.

*Second*, Plaintiffs must provide a computation for "each category of damages claimed" on an individual basis. Fed. R. Civ. P. 26(a)(1)(A)(iii).  **Each** Plaintiff must provide a computation of its own ***individual*** alleged damages for each category of claimed damages.  *Spin Master, Ltd*., 2011 WL 13127349, at *5 (initial disclosures deemed insufficient where plaintiff did not provide computation "per claim or per theory").  As discussed above, each Plaintiff must provide these computations as against **each Defendant**.  *Max Impact, LLC*, 2014 WL 902649, at *5 (finding each Defendant is entitled to a "basis to calculate the damages claimed against [him or it].").  Any alleged damages attributable to GiftRocket LLC, for example, necessarily differ from those attributable to Nick Baum (GiftRocket's founder) or to Ben Kubic (who joined the company in 2021).

*Third*, Plaintiffs cannot delay this supplementation by pointing to their requests for additional financial information from Defendants Tremendous LLC and Tremendous Parent, Inc. (from June 2023 to the present), as they have recently claimed.  Kramer Decl. ¶ 9; *id.* Exs. 2–3.  This information is irrelevant to **Plaintiffs' own theories** of how and to what extent they were allegedly harmed and how they believe the putative class should be compensated.  For example, Plaintiffs claim they were harmed by GiftRocket's "suggested use" feature.  *See, e.g.,* Compl. ¶¶ 12–18, 73–77.  But it is undisputed the Tremendous product does not have this feature.

*Finally,* Plaintiffs cannot relieve themselves of their obligations by claiming the damages computation will be the subject of future expert testimony.  *See U.S. Bank Nat'l Ass'n.*, 2013 WL 5495542 at *3 (explaining party is not "relieved of the obligation to present" damages computation in its initial disclosures just because it intends to retain a damages expert).  The opposing party must be put on notice as to the **theory** of damages being pursued (regardless of whether they intend to rely on a damages expert).  In any event, Plaintiffs have equivocated as to whether they will retain a damages expert at all.

### III. Plaintiffs' Interrogatory Responses Are Deficient

The GiftRocket Defendants have also propounded interrogatories on each Plaintiff, requesting information about damages sought.  *See* Kramer Decl. Exs. 4–6 (Interrogatories No. 12 to Gracie Baked, No. 11 to WeCare, and No. 9 to Millercobb).  Those interrogatories have neither been

275926

The Honorable Vera M. Scanlon
November 8, 2024
Page 4

sufficiently nor substantively answered. Thus, Plaintiffs are obligated to amend their responses. S*ee* Fed. R. Civ. P. 33(b)(3); Fed. R. Civ. P. 26(e).

### IV. Plaintiffs Have Suffered No Discernable Harm

Plaintiffs pleaded reputational harm and diversion of customers (*see, e.g.,* SAC ¶¶ 304(g)–(i), 313(h)–(j)), **which this Court deemed sufficient to confer standing and survive the GiftRocket Defendants' motion to dismiss**. *See* ECF No. 134 at 5–6. But, after over two years of litigation, Plaintiffs have not identified any ***facts*** on which they will rely to prove those allegations, or how they will calculate the damages they allegedly sustained. None of the discovery produced to date by either side supports a finding of any actual reputational harm or diversion of any customers from any of the Plaintiffs. Further, no GiftRocket products were purchased for Gracie Baked or WeCare's businesses, and the one and only GiftRocket product purchased for Millercobb's business was promptly refunded upon the customer's request. Defendants thus are at a loss as to what Plaintiffs' theory of harm even is. To the extent Plaintiffs' theory of harm and damages relies on some evidence that has not yet been identified, Plaintiffs must make this clear *now*.

Each Plaintiff has admitted, in response to interrogatories, that they are unaware of any transaction in which a customer used a GiftRocket product to purchase goods or services at their business. *See* Kramer Decl., Exs. 7–9. Although Plaintiffs allege the GiftRocket Defendants "harm[] the reputations of Plaintiffs . . . by falsely affiliating them with GiftRocket," SAC ¶ 304(g), ECF No. 137, no evidence of non-speculative reputational harm to any Plaintiffs has been produced to date. For example, there is no evidence even one person saw Plaintiffs' businesses on GiftRocket.com and drew a negative conclusion as a result, or that Plaintiffs suffered financial losses. Further, Plaintiffs have identified no evidence to support their allegation that the GiftRocket Defendants "steal[] potential customers from Plaintiffs . . . by diverting them to purchase misleading GiftRocket Prepaid Gifts, rather than directly transact with Plaintiffs[.]" SAC ¶ 304(i); *see also* SAC ¶ 340 ("Defendants have engaged in a course of conduct . . . diverting potential customers into purchasing GiftRocket Prepaid Gifts instead of directly purchasing services from Plaintiffs[.]").

**It appears Plaintiffs seek to extract a windfall from Defendants even though they suffered no harm. To the extent Plaintiffs have a viable theory of harm or damages, it is not apparent from the facts developed to date.** Because Defendants are entitled to such information long before the close of discovery, they will be deprived of their right to prepare a defense unless this information is provided promptly.

Sincerely,

Megan O'Neill

275926