```
 1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF NEW YORK
 2
                                     )
 3    GRACIE BAKED LLC,              )   1:22-CV-04019-RPK-VMS
                                     )
 4                  Plaintiff,       )   Brooklyn, NY
                                     )   October 17, 2024
 5              vs.                  )   10:07 AM
                                     )
 6    GIFTROCKET, INC.,              )
                                     )
 7                  Defendants.      )


 8
                     TRANSCRIPT OF STATUS CONFERENCE
 9              BEFORE THE HONORABLE VERA SCANLON
                  UNITED STATES MAGISTRATE JUDGE
10
      APPEARANCES (All present by video or telephone):
11
      For the Plaintiff:        RAPHAEL JANOVE, ESQ.
12                              JANOVE PLLC
                                979 Osos Street
13                              Ste. A5
                                San Luis Obispo, CA 93401
14
      For the Defendant,        GINA TONN
15    Sunrise Bank, N.A.:       222 South Ninth Street
                                Suite 2200
16                              Minneapolis, MN 55402

17    For the Defendant:        MEGAN O'NEILL, ESQ.
                                DTO LAW
18                              915 Wilshire Blvd.
                                Suite 1950
19                              Los Angeles, CA 90017

20                              KATHERINE BURGHARDT-KRAMER, ESQ.
                                KEVIN WESTERMAN, ESQ.
21                              DTO LAW
                                307 Fifth Avenue
22                              12th Floor
                                New York, NY 10016
23
      ECR OPERATOR:             NO NAME PROVIDED
24

25
```



1

Jeannine McFee, CDLT-147
eScribers

2

7227 North 16th Street
Phoenix, AZ 85020

3

www.escribers.net

4

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

eScribers

(973) 406-2250 | operations@escribers.net | www.escribers.net

Colloquy

1          THE COURT:  All right.  This case is Gracie Bake, LLC

2     versus Gift Rocket, Inc., 22-cv-4019.  So let's start with

3     Counsel's appearances.  So first we'll go with the plaintiffs.

4          MR. RAPHAEL JANOVE:  Good morning, Raphael Janov on

5     behalf of Plaintiffs.

6          THE COURT:  Okay.  And then how about the GiftRocket

7     defendant?

8          MS. MEGAN O'NEILL:  Good morning, Your Honor.  Megan

9     O'Neill, on behalf of GiftRocket defendants.

10          THE COURT:  All right.

11          MS. KATHERINE BURGHARDT-KRAMER:  Good morning, Your

12     Honor.  This is Katherine Burghardt-Kramer as well, on behalf

13     of the GiftRocket defendants.

14          MR. KEVIN WESTERMAN:  Good morning, Your Honor.  This

15     is Kevin Westerman, also on behalf of the GiftRocket

16     defendants.

17          THE COURT:  All right.  How about for the bank?

18          MS. GINA TONN:  Good morning, Your Honor.  This is

19     Gina Tonn on behalf of Sunrise Banks.

20          THE COURT:  Okay. Anybody else?  No.  Okay.  All

21     right.  So we're having this to check-in.  So we have your

22     status report.  I saw that the status report had inadvertently

23     left off the exhibit with the 197.  And then you asked the 200

24     for us to strike that.  I'm not going to strike the pleading.

25          I'll just note that it was a mistake, and we're just

Colloquy

1    having this conversation based on 198.  So big picture.  It

2    seems like you've done a lot of work.  Have a lot of work

3    planned.  And throughout the letter say that you're still

4    working on trying to resolve things.

5         So I think what would be helpful here is maybe

6    highlight what, if any, of these things do you think is ripe

7    for resolution now.  I know there's a little bit of a

8    disagreement -- or there was anyway -- a little bit of a

9    disagreement about that, and also, if there's any update on any

10   of the issues.

11        For example, one thing that's mentioned in your letter

12   is a subpoena dispute, but the suggestion is that litigation

13   over that should start in another district.  Whether it gets

14   transferred here or not is an open question for the judge.

15   Whoever gets it in whatever district, they commence that.

16        And then there are some other issues.  Well, I don't

17   know which category everything is in.  If you think it's right,

18   maybe there's nothing left in the area that you're still

19   working on.  I hope not, but we'll see.  And then if there's

20   anything else that you think we should know, and as always,

21   I'll ask you if there's any settlement possibility, although I

22   know there's a lot of motion practice in this case, so maybe

23   not.

24        But I ask.  So maybe let's start with plaintiffs.  Go

25   to Defendants.  We'll start with the corporate defendants, not

Colloquy

1     the banks, and go to the banks, and then if we need to go back

2     to Plaintiff, go back to Plaintiff.  So start there.

3               MR. JANOVE:  For sure.  Thank you, Your Honor.  So I

4     think the parties have made a lot of progress, and we've

5     narrowed some issues of dispute.  We're actively working on

6     discovery schedules.  We had a long meet and confer next week

7     to help obviously resolve the remaining issues.

8               I think we are prepared to move to compel on a few

9     items and will work with Defendants on a briefing schedule so

10    we can make a joint letter.  But certainly, we have requests

11    for financial documents related to the new entities, which we

12    mentioned in our motion.

13              We have a request for a certain set of search terms to

14    be run over custodial documents related to the restructuring.

15    Coming out from yesterday, we have a few disputes, having

16    passed over a certain RFP related to breakage.  And we also are

17    hoping to meet and confer early next week regarding the

18    30(b)(6) topics.

19              To the extent we can't resolve that, obviously, we'll

20    move to compel.  I think the first 30(b)(6) deposition is

21    tentatively scheduled for November 19th.  So those are the main

22    issues.  Obviously, I think we need to have some relief related

23    to SouthState Bank.

24              There was a follow-up meet and confer, but it seems

25    that GiftRocket still is standing on its NDA.  We are waiting

Colloquy

1    to hear back from SouthState Bank regarding our proposal for

2    discovery, and that might be able to move the issue, but if

3    not, we'll proceed with motion practice in the appropriate

4    court.

5          There's one other issue I'd like to bring up that

6    likely will be a subject of discovery practice soon is that

7    last week, the defendants went to serve two people related to

8    Cafe Ole.  First, a former employee, and the second is the new

9    owner.

10          Defendants have also asked to depose an owner of

11   WeCare.  We plan to oppose those.  The third parties were just

12   served yesterday, so we need some time to confer with them.

13   But I'm just previewing for the Court that we likely are going

14   to move for a protective order in the appropriate places

15   regarding those depositions.

16          And then I think the last thing I just want to flag is

17   both Sunrise and GiftRocket have promised substantial

18   completion of discovery by November 1st.  I think we're

19   generally on track to complete discovery and depositions by

20   December 13th, the current deadline.

21          I just flagged that there's still a fair amount of

22   discovery that hasn't yet been produced, and we'll need some

23   time to evaluate that and see if additional discovery is

24   warranted.  So I could -- well, I hope to avoid it.  I could

25   imagine that we either have motions to compel or additional

Colloquy

1    discovery requests that would require some additional

2    productions after December 13th and also, why we'd like to

3    avoid it is potentially reopening potential deponents that deal

4    with some of the new documents that we have that are being

5    produced.

6          I hope we avoid it, but I just want to flag that as a

7    potential issue down the road.  I do want to confirm that we

8    intend to complete discovery as currently scheduled.

9          THE COURT:  Okay.  Maybe I'm just asking you to

10   refresh, but what is breakage?  You said there were RFPs about

11   that.

12         MR. JANOVE:  Oh, yeah.  So breakage is when a gift

13   card is not redeemed or this is not a GiftRocket, but a gift

14   card.  But when a GiftRocket is not used, defendants get

15   breakage revenue over time.  If people never use the

16   GiftRocket, the defendants get all the profit.

17         So we have some requests related to that, and that's

18   what we're working on with Defendants.

19         THE COURT:  Okay.  So your thought -- just so I have a

20   little bit of a more full sense of what's outstanding --

21   there's the discussion in your letter about there's a fairly

22   lively 30(b)(6) disagreement, but there's a suggestion -- I

23   think probably more strongly made by defendants -- that after

24   you do a couple more depositions, there may be clarity on

25   what's really necessary and who the witnesses should be.

Colloquy

1          Are you more on board with that, or are you not?  I'm

2   just trying to get an idea of the scope of the disagreement.

3          MR. JANOVE:  Yeah.  Certainly.  So we've had three

4   individual depositions.  We haven't gotten confirmation on any

5   dates for a 30(b)(6), but yesterday, Defendants offered

6   30(b)(6) dates.  So now that we have that confirmation, I think

7   we just want to meet and confer over the scope.

8          I think we would like to propose that the 30(b)(6)

9   that goes first would be the GiftRocket, LLC or Tremendous,

10  LLC, but the main corporate entity would have the knowledge of

11  most of the topics.  But otherwise, we planned, now that we

12  have dates, just to move ahead, meet and confer, hopefully,

13  early next week.

14         And we don't think waiting on additional individual

15  defendants is going to change the scope of what we ask.  In

16  fact, in some respects, if we can get the 30(b)(6) depositions

17  done earlier, it might help narrow some of our discovery

18  disputes or some of our questions in the case so that we could

19  potentially narrow the scope of further deposition testimony or

20  document requests afterwards.

21         But I am hopeful that we can just come to an agreement

22  with Defendants on 30(b)(6) topics and at least take one in the

23  near future and then move on without motion practice.  Oh --

24         THE COURT:  Okay.

25         MR. JANOVE:  -- and Your Honor, can I mention one last

Colloquy

1    item?  I apologize.  We also have live (indiscernible) disputes

2    over the privilege designations on the text message.  It's a

3    pretty simple motion, so we'll move to compel shortly on that

4    as well.

5            THE COURT:  Okay.  Just to go to the range of dates

6    for the 30(b)(6) that were proposed, what's the outside of

7    that?

8            MR. JANOVE:  I think the first date that they proposed

9    yesterday was November 19th.

10           THE COURT:  Oh, that was the date you mentioned

11   earlier for the first.  And the last of the window, which is

12   the close of the window that they're proposing.

13           MR. JANOVE:  Yeah.  So December 13th.  So yesterday we

14   got dates and --

15           THE COURT:  (Indiscernible).

16           MR. JANOVE:  -- yeah.  So they've given us dates for

17   November 19th, which doesn't work -- I mean, November 19th,

18   which we plan to take the first 30(b)(6), November 21st, which

19   doesn't work, and the defendants have also offered depositions

20   December 3rd, 4th, 5th, 6th, 9th, 10th, 11th and 13th.

21           We'll have to pack in a lot.  Obviously, November 1st

22   we're going to get a lot of new documents.  We're going to get

23   documents from Sunrise.  We haven't gotten much to date.  We

24   still need to take the Sunrise deponents.  But at least we

25   think it's November 1st with Defendant's new production.

Colloquy

1      At least by November 19th, we can have a very

2 productive 30(b)(6) and have gotten most of the documents that

3 we need to hopefully avoid ever having to reopen a 30(b)(6)

4 topic.

5      THE COURT:  Okay.  I mean, obviously, the background

6 question for me is, are you going to conclude discovery on the

7 current date or if it needs to be adjusted, what's the least

8 but practical adjustment, but I'm not asking you for an answer

9 to that yet, but it is going to be kind of one of the

10 concluding questions because it seems like from summarizing,

11 there are some issues that you probably are going to be able to

12 work out, there's some that are going to be motion practice,

13 and there is uncertainty because you don't you, I don't know,

14 know, none of us know, how the other venues and the other

15 districts will deal with this.

16      And hopefully, it's clear to them we're happy to take

17 the dispute, but I understand it has to start where it is.  So

18 okay.  So how about for the GiftRocket defendants?  Your

19 thoughts.  If you want to just respond.  I'm trying to get the

20 overview.  Your letter was super helpful.

21      It's a little bit more on either development or

22 priorities, what's likely coming in, and obviously, with the

23 background question, of, are you going to finish in

24 mid-December or if not, how much more time, but you don't have

25 to particularly answer that yet.

Colloquy

1          Okay.  So your thoughts on where you are, where you're

2    going?

3          MS. BURGHARDT-KRAMER:  Sure.  Thank you, Your Honor.

4    This is Katherine Kramer for the GiftRocket defendants.  I

5    think at this point, there's nothing that's ripe right now.  It

6    sounds like there's a variety of topics that we're still

7    negotiating over with the plaintiffs, some things that might

8    end up in front of the Court at some point soon, but nothing

9    today that's ripe.

10         I think that we're still definitely on track for the

11   close of discovery on December 13th.  It might mean that we're

12   doing a bunch of depositions in December, but I think given

13   everybody's availability in the first couple of weeks of

14   December, I think we should be able to get everything done.

15         I will note we've been working diligently to propose

16   dates for the remaining depositions.  There have been a variety

17   of dates that we proposed for October and November that the

18   plaintiffs have not been available.  So that's required us to

19   go back to the drawing board a few times, but we're still

20   working on it.

21         And it looks to me like we'll be able to fit

22   everything in before the December 13th close of discovery.

23         THE COURT:  Okay.

24         MS. BURGHARDT-KRAMER:  And then in terms of SouthState

25   Bank, we're still meeting and conferring on that.  We had a

Colloquy

1    productive conversation between the plaintiffs and the

2    GiftRocket defendants and SouthState Bank a couple of weeks

3    ago, and then we had some follow-up emails.

4            I will note that counsel for SouthState Bank is in

5    Florida, and obviously, Florida was recently hit with a couple

6    of hurricanes.  I expect that that's why we haven't been able

7    to hear back from counsel for SouthState Bank.  But I expect

8    that at some point relatively soon, we'll be able to continue

9    the meet and confer conversations.

10            After we had some discussions with Plaintiff's

11   counsel, they were able to narrow the scope of what they were

12   looking for.  So I think we just need to continue the

13   conversation, and I remain hopeful that we'll be able to work

14   things out.

15            I think there's also other potential sources of

16   information about SouthState Bank, namely us, who have already

17   produced some information about this, and we'll be including

18   additional information in our upcoming production.  So I think

19   at this point, I think we're on track.

20            The parties are working well together.  We continue to

21   have a lot of discussions.  As Mr. Janov mentioned, we had a

22   lengthy meet and confer yesterday and have had other

23   meet-and-confer discussions.  So I think at this point we'll

24   continue trying to get the depositions scheduled and move ahead

25   with all of that.

Colloquy

1        THE COURT:  Okay.  And then your thoughts about the

2   Cafe Ole, what might happen there?  The owner or the employee?

3        MS. BURGHARDT-KRAMER:  At this point, there's nothing

4   pending in front of the Court on that issue.  I think that

5   there's a serious question of whether they still have standing,

6   but plaintiffs have taken the position that they do, and

7   there's nothing -- we haven't filed anything yet that the Court

8   to rule on that issue.

9        THE COURT:  But do you think they're going to?  I just

10  want to know if they're going to be straggler issues or not.

11       MS. BURGHARDT-KRAMER:  It's hard to say.  As Mr. Janov

12  mentioned, we served some additional discovery on some

13  individuals who had not been previously identified.  It came up

14  during the deposition of WeCare that happened last month, and

15  we'll go ahead with that.

16       It's obviously something that will require some

17  coordination in terms of timing, but I think at this point we

18  anticipate taking that additional discovery but remaining in

19  touch with plaintiffs about the coordination of dates and

20  things like that.

21       THE COURT:  Okay.  So it sounds -- well, all right.

22  Anybody else on the defendants' side want to say anything?  No.

23  All right.  It sounds like you're full steam ahead, but a

24  couple of issues might lead to motion practice.  So what are

25  you thinking?

Colloquy

1          This is a self-interested question about when is this

2     going to show up on my docket.  Motion practice that was

3     mentioned as a possibility.  Some motions to compel.  What are

4     you thinking?  Yeah, because if you can make the mid-December

5     deadline, that's the best because obviously the case has been

6     around.

7          There's extensive motion practice.  It'd be good to be

8     able to keep it moving forward, and we don't want to be the

9     drag on it.  So to the extent these things are going to lead to

10     motion practice, I guess two practical questions.  The

11     possibility of a briefing schedule is mentioned, but on my

12     side, I'd like to have some idea of what you're thinking about

13     in terms of dates and some idea in terms of scope.

14          As long as things are not too long, I generally prefer

15     the letters.  They tend to be more helpful, more focused, but

16     if you think that these are full-on motions that need a lot of

17     pages, then that's a bigger project for everybody.  So for the

18     things that you may not be able to work out, what are you

19     thinking?

20          MR. JANOVE:  Your Honor, if I may, I think just doing

21     joint letters, which we've been doing which have been generally

22     five pages on each side, is all we need to do.  Some of these

23     issues are not long to brief.  We definitely want to keep

24     things moving and are mindful of the December 13th deadline.

25          So I think at least for the motions that we plan to

Colloquy

1   move to compel on, we'd like to send our sections sometime, or

2   at least not all, a fair amount of what we want to see motion

3   practice onto defendants, by next week.  They have like three

4   days to respond, and then we could file our joint letters the

5   week of October 27th.

6         Or I could say maybe by Halloween, we should finish

7   the meet and confer process and have everything filed that

8   needs to be filed.  And it might not all happen at once, but

9   just so we can try to get these motions to you sooner as

10   opposed to later.

11         THE COURT:  Okay.  So what does that translate into in

12   terms of a maybe actual filing date?

13         MR. JANOVE:  So if we get defendants all of our

14   sections by the end of next week, say Friday, October 25th,

15   that would give them three days to respond.  Or we could extend

16   it out to that October 31st, where we're filing all of our

17   motions.

18         I don't know if that works for defendants.

19         MS. O'NEILL:  Hi, this is Megan O'Neill for GiftRocket

20   defendants.  So given it's not clear how many motions there

21   are, I would want our team to have more than -- if they're all

22   going to be sent to us in eight days -- three days to turn

23   around.  If we knew the number, it's one.  That's fine.

24         If it's five, I would want to just work out a briefing

25   schedule that is a little more equitable on that front with



Colloquy

1    plaintiffs, which we wouldn't want to take the Court's time to

2    do, but that we would prefer to do it that way.  But I do agree

3    with Plaintiff's counsel that sooner rather than later would be

4    great.

5           Some of these are fairly simple issues, like on the

6    text messages on common interest privilege, which I think is

7    the only one that's ripe from our perspective.  But in any

8    event, the number, it makes a difference in terms of the

9    answer.

10          MR. JANOVE:  Your Honor, may I propose a solution?  We

11   are actually already writing a summary of our meet and confer

12   with Defendants yesterday.  We were kind of planning to outline

13   what we plan to move to compel on.  I think make it clearer.

14   We'll send Defendants a summary today of our meet and confer

15   outstanding issues, and we can propose that we're moving to

16   compel on these handful of issues.

17          There's not going to be many, but probably three or

18   four, however many issues are, and then we can just propose a

19   briefing schedule in that email to defendants today.  And then,

20   we'll work with Megan on the timeline to do that.  Where we're

21   both aimed to get this to the Court sooner as opposed to later,

22   but obviously, of course, taking into account everyone's

23   respective schedules.

24          THE COURT:  Okay.  Just looking at the calendar.  All

25   right.  Is it practical to say that any motion to compel as to

Colloquy

1    the ripe issues, we would get by November 6th at the latest?

2              MR. JANOVE:  For plaintiffs, yes.  I think it could be

3    sooner than that.  I mean, some of the motions are essentially

4    drafted.  But certainly, by November 6th.  I would maybe

5    encourage us not just ripe issues now, but that we hope to meet

6    and confer with defendants early next week on 30(b)(6)s and any

7    additional topics.

8              There is some follow-up that we try to get all of our

9    motions to compel, (indiscernible) possible, done by November

10   6th.  Or sorry, actually -- I apologize.  November 6th, we have

11   a deposition of Defendant.  Would it be possible to say by

12   November 8th all outstanding motions to compel are filed on the

13   docket, and we'll work internally on internal deadlines for

14   sharing sections?

15             THE COURT:  I mean, that's fine on my end.  I think, a

16   couple of things.  I appreciate the global letters.  If there's

17   something that is just definitely a motion and ready to go

18   before that, you can file just that letter.  It's okay if

19   it's -- from my perspective, there's a difference between the

20   informative, maybe we're working it out, flagging the issue.

21             That's super helpful.  But if it's a motion -- I'm

22   sorry.  And those letters, the global is the best because I get

23   the overall picture.  But on motions, it doesn't matter to me

24   whether it's all together in one, or a motion to compel, say,

25   or privilege issues is one letter and a motion to compel for --

Colloquy

1    I'm making this up -- but maybe if some piece of the SouthState

2    dispute belongs here -- not saying it does, but just as an

3    example -- and that's a separate letter.

4            That's fine.  Or the global approach.  But my point

5    being is you don't have to wait till November 8th.  It sounds

6    like there's a lot of moving pieces, including that pretty big

7    production that the defendants are working on.  So from

8    Defendant's side, it might be kind of crowded to do it before

9    that.

10           So whatever you all want, I appreciate your working

11   hard.  The momentum seems like a good idea to keep going.  And

12   you know, I just want to be able to plan our schedule so that

13   we don't become a roadblock to moving things ahead.  So okay,

14   is November 8th -- does that work for the defendants' counsel?

15           MS. BURGHARDT-KRAMER:  Yes, Your Honor.  This is

16   Katherine Kramer for the GiftRocket defendants.  I think that's

17   fine.  My hope is that we can continue working with plaintiff's

18   counsel and addressing some of these issues.  I think that

19   there's obviously a fair amount of additional discovery that's

20   going to be done over the coming months -- well, I guess two

21   months -- for depositions and things like that.

22           So I think some of the issues the plaintiffs have

23   raised are basically they're trying to find out additional

24   facts.  And I think a lot of that we may be able to make

25   progress on that through, to some extent, the supplemental

Colloquy

1    production that's coming by November 1st and then also with

2    depositions.

3          Sometimes the best way to get information is to ask a

4    question in a deposition rather than try to get it through

5    documents.  But we'll see what the issues are.  I think we've

6    been working productively with the plaintiff's counsel on a lot

7    of these issues.

8          So our preference would be individual joint letters.

9    If there are issues that need to go to the judge, then November

10   8th sounds okay.

11         THE COURT:  Okay.  All right.  So let's aim for that

12   and then why don't we see what comes out of that and then

13   probably would ask you for a status letter by the end of

14   November.  But why don't we tentatively pencil that in, and at

15   that point, you can let me know what, if anything, might go

16   past the mid-December deadline.

17         So just looking at November -- let's say December 2nd.

18   Feel free to do it before Thanksgiving if you want.  But we'll

19   push it out a little bit.  It's up to you.  All right.  So

20   things are moving along steadily.  You're going to -- any

21   motions to compel of your brief on November 8th, but may be

22   submitted in part before that, and a status letter that first

23   Monday in December.

24         All right.  Anything else that you want to come out of

25   here today?



Colloquy

1          MR. JANOVE:  Your Honor, if I may.  To be clear, we

2    won't wait until November 8th.  We certainly are going to send

3    at least two, potentially three, very discrete motions to

4    compel to the defendants next week.  At least some of that will

5    get briefed sooner as opposed to later.

6          I just actually have one issue that would affect a

7    potential joint briefing schedule that's actually pretty live,

8    and that's regarding the November 1st date.  Defendants want to

9    depose three individuals.  On that date, one of the owners of

10   WeCare, the person that purchased Cafe Ole, and also to depose

11   a former employee.

12          When we spoke yesterday at the meet and confer, I said

13   we don't think that these depositions are proper.  We need time

14   to speak with the third parties and see if they want to secure

15   additional counsel.  Defendant said that we need to provide

16   additional dates or they'll go forward with November 1st.

17          So we're not in a position to provide additional

18   dates.  We don't think they're appropriate.  So I do think --

19   unless defendants are willing to hold off on November 1st,

20   allow us to meet, confer, and brief the issue, we will have to

21   move for a protective order here quickly, and also, where they

22   issued the subpoena, which is in the Eastern District of

23   Pennsylvania.

24          THE COURT:  Okay.  So which deposition do you think

25   would be before this Court?  Who's the person?



Colloquy

1         MR. JANOVE:  So potentially one of the owners of

2    WeCare.  That motion would be here.  The other two potentially

3    would be -- that's the former employee, Mary (ph.), who

4    assisted with discovery, and also Anna (ph.), who purchased the

5    cafe -- that would be in the Eastern District of Pennsylvania.

6         THE COURT:  Sorry, I'm confused as to why you think --

7    I mean, we haven't talked about the merits of this, but are you

8    objecting to the WeCare former owner?  The two people, Anna and

9    Mary, you object but that's in Pennsylvania.  What is the

10   problem with the other depositions?

11        MR. JANOVE:  So the other deposition, we think it's

12   not seeking relevant information and it's duplicative.  WeCare

13   is already answered.  I think it will be, by next week, 60

14   RFPs.  They've had a corporate representative sit for a long

15   deposition, a bunch of interrogatories, and admissions.

16        Their representative, Lawrence Kalkman (ph.), is the

17   individual at that company that's been involved that testified

18   about the lawsuit, and Danny (ph.) is an owner that essentially

19   has had no involvement other than the fact that Lawrence has

20   told him about the lawsuit, and Lawrence is in charge of

21   directing this lawsuit.

22        So there's really no point to have this deposition.

23   And it just doesn't seem to be asking for anything of

24   relevance.  And we'll brief the issue.  There's a pretty good

25   case law under the apex doctrine about it not being proper to

Colloquy

1    just depose an owner that doesn't have much knowledge about the

2    action when there's other sources of that information, which,

3    of course, include the 30(b)(1) and 30(b)(6) deposition that

4    was taken of Lawrence Kalman and all the discovery and

5    interrogatory responses and RFAs in this case.

6              THE COURT:  Okay.  Are you really objecting to an

7    owner?  I mean, it's not a huge business.  I don't know how

8    Apex would really apply to this based on what you said.

9              MR. JANOVE:  I think --

10             THE COURT:  It's not like there's been so many

11   depositions, it's exhausting.  Whether it yields what the

12   defendants hope, I don't know, but -- and the whole notion that

13   somebody shouldn't be deposed because they're not the one

14   directing a deposition doesn't really speak to their knowledge

15   of the business operations.

16             MR. JANOVE:  So I appreciate that point, Your Honor.

17   I think part of this is also we only got this on Thursday

18   evening, so we need to obviously speak with him and have a

19   better understanding from Defendants of what they are seeking

20   from Danny, and why it needs to be in a deposition, and among

21   other reasons, why they're insisting on a deposition in person

22   versus just doing it remotely like they did for Lawrence and

23   WeCare.

24             And the other issue --

25             THE COURT:  Okay.  Sorry.

Colloquy

1          MR. JANOVE:  -- I guess the point being that we'd like

2    to have time to meet and confer with defendants on this, and

3    they're saying that if we don't give them alternative dates for

4    November 1st right now, they're going to move forward with

5    November 1st.

6          THE COURT:  All right.  Not to not hear from the

7    defendants on the issue, but based on everything you've said, I

8    don't think you have a great objection to the deposition

9    happening.  If you can work out the date issue or there's more

10   information that you haven't yet gathered from the witness that

11   would affect the analysis and you're not successful in having

12   the conversation, you could put in a joint letter motion about

13   it.

14          It would be super helpful if you would flag it right

15   up front as time-sensitive.  But so far, you're not succeeding

16   on saying this deposition shouldn't happen.  So Defendant, you

17   can weigh in, but I don't know about weighing in on a possible

18   win is a great idea.

19          You're ahead right now.

20          MS. BURGHARDT-KRAMER:  Sure.  Thank you, Your Honor.

21   I'll try not to snatch defeat from the jaws of victory here.  I

22   think on this issue, it just seems like this is a new issue

23   that's come up.  I don't really think it's really proper to

24   bring it up to Your Honor, because we're here to talk about

25   issues that were presented in the joint filing.

Colloquy

1          This is a new issue.  The Court doesn't have the full

2    context of what's going on.  We're more than happy to continue

3    talking to Plaintiff's counsel about dates.  We talked about it

4    yesterday.  I said, give us new dates and we're happy to try to

5    work something out and also continue talking about whether

6    these are in person or if they're remote, do we do them all on

7    the same day, or do we do them on different days?

8          There's issues about who's going to be counsel for

9    these three individuals as well.  So I think all three of them

10   are -- they're clearly people with relevant knowledge.  We've

11   only taken three depositions so far, so we're well within the

12   number of depots that we can take.

13         I think at this point, as Your Honor was indicating,

14   the correct path forward is for us to continue talking to

15   Plaintiff's counsel about it, and I expect we'll be able to

16   work something out.  I think at least one of these individuals,

17   I expect, is going to have separate counsel.

18         I think there is some conflict of interest issues as

19   well that would likely preclude Mr. Janov from representing all

20   three of them, but we'll continue talking about those issues.

21   I don't think there's anything that the Court needs to rule on

22   or address further today.

23         THE COURT:  Okay.  So hopefully, you've worked out

24   many things.  You'll work this out.  But if not, and there

25   needs to be a quick answer because of an impending deposition

Colloquy

1  that one side thinks shouldn't happen, like I said, the letter

2  is fine.

3          Just make sure that we know that it's something that

4  you need a quick answer on.  Okay.  All right.  So I look

5  forward to getting whatever it is that remains open after

6  you've continued your discussions.  And again, I think it

7  sounds like you're really doing a lot of work, so I appreciate

8  that.

9          All right.  Thanks.  Have a good day.  Take care.

10         MS. BURGHARDT-KRAMER:  Thank you, Your Honor.

11         IN UNISON:  Thank you, Your Honor.

12      (Proceedings concluded at 10:44 o'clock, a.m.)

13                        *  *  *  *  *

14

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T I O N

2

3          I, Jeannine McFee, court-approved transcriber, do

4   hereby certify the foregoing is a true and correct transcript

5   from the official electronic sound recording of the proceedings

6   in the above-entitled matter.

7

8

9   _____          December 9, 2024

10                                             _____

    Jeannine McFee, CDLT-147                   DATE

11

12

    eScribers, LLC
13  7227 North 16th Street
    Phoenix, AZ 85020
14  www.escribers.net

15

16

17

18

19

20

21

22

23

24

25

eScribers

(973) 406-2250 | operations@escribers.net | www.escribers.net