UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
GRACIE BAKED LLC, WECARE RG, INC.,
and MILLERCOBB LLC, on behalf of
themselves and all others similarly situated,

                      Plaintiffs,

          -against-

GIFTROCKET, INC., TREMENDOUS, INC.,
NICHOLAS BAUM, KAPIL KALE,
JONATHAN PINES, BENJAMIN KUBIC,
TREMENDOUS PARENT, INC.,
TREMENDOUS, LLC, GIFTROCKET, LLC,
and SUNRISE BANK, N.A.,

                      Defendants.
------------------------------------------------------------ X

**ORDER**

22 Civ. 4019 (RPK) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

      Plaintiffs' motion to compel Defendant Sunrise Bank, N.A. ("Sunrise") to prepare a Rule 30(b)(6) witness as to (1) its "payment of attorneys' fees, expenses, and costs relating to this lawsuit, including the individual or entity responsible for such payment," and as to (2) "[t]he factual basis for every affirmative defense asserted in [its] . . . [a]nswer" at ECF No. 238 is denied.

      As to the first topic, Plaintiffs contend that the subject matter "is relevant to the motivations of the witnesses in this action, particularly the corporate representative for Sunrise," and that lack of knowledge as to the subject matter impedes "productive settlement discussions."  ECF No. 238 at 1.

      With regard to the credibility of Sunrise's corporate representative, probing such credibility through a standalone topic for a Rule 30(b)(6) witness is not appropriate.  The Rule 30(b)(6) witness is present to testify as to corporate knowledge, not the witness's own

knowledge, so listing a topic for purposes of corporate credibility makes little sense. Here, the proposed topic is tangential to the consumer-related issues in the suit and runs the unnecessary risk of infringing on privileged material for no meaningful purpose in the case. In other circumstances, credibility-related information as to litigation funding in this context might be discoverable for impeachment purposes relating to an individual witness. See Oglesby v. Alltran Financial LP, No. 19 Civ. 1834 (AMD) (CLP) 2020 WL 281338, at *1-2 (E.D.N.Y. Jan. 17, 2020) (citation omitted). This may be the case particularly where such witness has a financial interest in its employer beyond that of the interest that any employee has in the employer's continued financial success. Such is not the case here, based on the information presented.

With regard to impeded settlement discussions, Plaintiffs are not entitled to discovery of information pertaining to Sunrise's litigation funding so that Plaintiffs can assess Sunrise's settlement posture and related strategic considerations. See Benitez v. Lopez, No. 17 Civ. 3827 (SJ) (SJB), 2019 WL 1578167, at *2 (E.D.N.Y. Mar. 14, 2019) (rejecting the defendants' claim of entitlement to discovery of litigation funding documents to "understand the litigation funder's ability to intervene and dictate the legal strategies or settlement decisions," as "[a] defendant is not entitled to learn any of these things in a case, absent some special need or showing," with the bases for strategic decisions, including those related to settlement, being either privileged or "irrelevant and outside the scope of what a party needs to defend or prosecute its case" (citation & quotations omitted)). The matters proposed for examination relate to the lawsuit, not the subject matter of the lawsuit, and are beyond the reasonable scope of a Rule 30(b)(6) deposition. The proposed inquiry also runs a significant risk of infringing on privileged information with little foreseeable benefit for the suit, as Plaintiffs have not offered a showing or special need.

As to the second topic, asking a Rule 30(b)(6) witness to testify as to the factual basis for each affirmative defense is overbroad.  See BAT LLC v. TD Bank, N.A., 15 Civ. 5839 (RRM) (CLP), 2019 WL 13236131, at *1, *4 (E.D.N.Y. Sept. 24, 2019) (granting the defendant's motion for a protective order as to as to a Rule 30(b)(6) topic for "[i]nformation concerning TD's [a]ffirmative [d]efenses asserted in this action" and reasoning that "it is improper to use the 30(b)(6) deposition to ascertain how a party intends to marshal the facts and support its legal theories" (citations & quotations omitted)), objections overruled, 2019 WL 13257498 (E.D.N.Y. Nov. 20, 2019).  It improperly seeks to solicit how the party intends to use the facts to support its legal theories.  The proposed deposition topic runs a substantial risk of invading the attorney work product and attorney-client privileges, which is not merited here.

Plaintiff may conduct Sunrise's deposition, subject to the limitations above, by April 15, 2025.  The fact discovery deadline set forth in the 12/4/2024 Order is sua sponte extended to April 15, 2025, for the limited purpose of conducting such deposition.

Dated: Brooklyn, New York
     March 21, 2025

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge