

| | | |
|---|---|---|
| Raphael Janove<br>Shareholder | 500 7th Avenue<br>8th Floor<br>New York, NY 10018 | T 646-347-3940<br>raphael@janove.law<br>www.janove.law |

May 23, 2025

**VIA ECF**

The Honorable Rachel P. Kovner
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  *Gracie Baked LLC, et al. v. GiftRocket, Inc. et al.*, No. 1:22-CV-04019-RPK-VMS

Dear Judge Kovner:

      We write on behalf of Plaintiffs to request an extension of time to file a Reply in support of Plaintiffs' Motion for Class Certification and to conduct necessary discovery caused by Defendants' belated disclosure of an expert report and witnesses. Plaintiffs have not previously requested an extension of time for this deadline. Defendants oppose this request. *See* Ex. A.

      Judge Scanlon previously ordered the Parties to submit a proposed expert schedule "if applicable" and a class certification and dispositive briefing schedule. *See* Dec. 4 Order (Scanlon, J.). The Parties conferred on a schedule and agreed that they had no experts to depose, but reserved rights to modify their position. The Parties therefore submitted a class certification and summary judgment briefing schedule on February 7, 2025, ECF No. 241. The Court adopted the briefing schedule, which did not mention expert reports or provide any time for expert discovery. *See* Feb. 10, 2025 Order (Kovner, J.).

      In accordance with the Court-ordered briefing schedule, on March 28, 2025, Plaintiffs served their 25-page class certification motion. *See* ECF No. 256.  Seven weeks later, on May 16, 2025—late on a Friday night—Defendants served their opposition to Plaintiffs' Motion for Class Certification. In addition to their 40-page opposition brief, Defendants submitted an 81-page expert report containing 21 exhibits for a total of 242 pages.

      Defendants chose not to disclose this expert or even their planned use of an expert at any point in the **seven weeks** between the March 28, 2025 filing of the opening motion and when Defendants served their opposition. They only revealed their intent to rely on his testimony for the first time when Plaintiffs received the opposition. As a result, Plaintiffs need time to investigate Defendant's expert (who claims to have given expert testimony "600 times"), conduct document discovery related to the expert, and take his deposition and receive a completed transcript.

      In addition, Defendants' opposition relies on five supporting declarations submitted by customers and businesses—despite never disclosing their identities on their Rule 26 disclosures or even disclosing an intention to rely on GiftRocket customers at all as part of their Rule 26 disclosures. Plaintiffs need time for discovery on Defendants' new declarants, the identities of whom were never disclosed to Plaintiffs at any time until Defendants served their opposition.

May 23, 2025
Honorable Rachel P. Kovner

  Plaintiffs would be prejudiced if they are not granted additional time to conduct discovery on these matters, and the Court should not reward Defendants' gamesmanship here—waiting until the very last possible minute to disclose their expert and additional witnesses.

  Accordingly, Plaintiffs have shown good cause to extend the briefing schedule on class certification to permit Plaintiffs to conduct adequate discovery to support their motion. *See Gilead Scis., Inc. v. Safe Chain Sols. LLC*, 345 F.R.D. 22, 28 (E.D.N.Y. 2024) ("Despite Gilead's arguments to the contrary, Safe Chain's motion presents a straightforward question: whether a party may obtain an extension of the discovery deadline when an opposing party has waited until the proverbial 'eleventh hour' to identify new witnesses that the opposing party may use to support its claims or defenses. The answer is yes.").

  Plaintiffs therefore request an extension of time to file their Reply and conduct discovery related to it, and therefore ask the Court enter the following schedule:

- June 20, 2025 – Completion of document discovery.

- July 17, 2025 – Final date to complete depositions.

- 30 days within receipt of deposition errata – Plaintiffs' Reply in support of Class Certification and *Daubert* motions, if any.

  After receiving Defendants' opposition and expert report, Plaintiffs promptly attempted to obtain Defendants' consent to an extended schedule, *see* Ex. A., and have already served document requests relating to the expert and Defendants' declarants. Defendants rejected, stating that they will only agree to a 1-week extension and that Plaintiffs must conduct document and deposition discovery.

  Defendants contend that the briefing schedule also applied to expert discovery in the event that Defendants decided to disclose the identity of their expert for the first time when serving their opposition. Not so.

  Previously, the scheduling order permitted four months from an initial expert report to allow for deposition discovery. *See, e.g.* Mar. 6, 2023 Order (Scanlon, J.) ("initial expert reports by 12/15/2023; and rebuttal expert reports by 2/16/2024. All expert discovery, including expert depositions, will be completed by 3/15/2024"); *cf. Gilead*, 345 F.R.D. at 31 (ordering expert discovery to close two months from initial disclosures and reports). While this scheduling order was modified throughout this lawsuit, Judge Scanlon never entered a revised order regarding expert discovery. Instead, Judge Scanlon ordered on December 4, 2024 that the Parties should propose a schedule *if* Plaintiffs were to engage in expert discovery:

> By 1/24/2025, Plaintiffs must inform Defendants of whether they intend to engage in expert discovery and, if so, the names of their experts and the subject matter of their experts' testimony. By 2/7/2025, the parties must file a jointly

2

May 23, 2025
Honorable Rachel P. Kovner

       proposed expert discovery schedule, if applicable, and a schedule for dispositive motion practice and class certification motion practice, addressed to both the undersigned and the District Judge.

Dec. 4 Order (Scanlon, J.)

    Plaintiffs did not rely on expert testimony for their opening class certification brief, and Defendants did not identify an expert in the joint letter but rather stated that they reserved the right to use an expert based on Plaintiffs' class certification motion.[1] As a result, the Parties did not submit an expert discovery schedule. Instead, they just submitted a joint briefing schedule, which your Honor adopted on February 10, 2025: "Any motion for class certification is due 3/28/2025; a response is due 5/16/2025; and a reply is due 6/13/2025."

    In the proposed joint schedule, *see* ECF No. 241, Plaintiffs were not agreeing nor contemplating that if Defendants (or Plaintiffs) did eventually add an expert, the schedule would not be changed to account for expert discovery and *Daubert* motions. Nor could Plaintiffs anticipate that Defendants would wait until the last possible moment to disclose the expert, and then argue that the expert discovery schedule should be compressed in a manner that was not contemplated in any prior scheduling order.

    As the docket reflects, Plaintiffs have been working tirelessly to advance the interests of the proposed class. Accordingly, the Court should permit Plaintiffs a reasonable opportunity to conduct discovery of Defendants' belatedly disclosed expert and additional declarants.

                                           Respectfully submitted,

                                           */s/ Raphael Janove*

                                           Raphael Janove

Enclosures

---

[1] Defendants stated in a footnote that "Defendants reserve the right to rely on expert testimony in opposing class certification, which they will be able to determine once they have been served with Plaintiffs' motion for class certification. Judge Scanlon's December 4 Order regarding expert disclosure applied only to Plaintiffs." *See* ECF. No. 241, n.2. Plaintiffs stated: "Plaintiffs informed Defendants via email on January 24, 2025 that although Plaintiffs do not currently intend to rely on expert testimony, Plaintiffs reserve the right to introduce expert testimony in the event that Defendants rely on expert testimony or otherwise introduce arguments or evidence necessitating expert rebuttal." *See* id. at 3. While Plaintiffs are still evaluating whether they will hire a rebuttal expert, if they so choose, they will do so promptly and work with Defendants to accommodate any reasonable changes to the schedule. *See Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 59 (S.D.N.Y. 2019) (good cause existed to extend schedule after party identified an expert in response to additional document and deposition discovery).

May 23, 2025
Honorable Rachel P. Kovner

CC: All Counsel of Record via ECF