# Exhibit A

 Outlook

### RE: Gracie Baked v. GiftRocket

**From** Megan O'Neill <moneill@dtolaw.com>
**Date** Thu 5/22/2025 9:43 PM
**To** Liana Vitale <liana@janove.law>; Raphael Janove <raphael@janove.law>
**Cc** Katie Burghardt Kramer <kkramer@dtolaw.com>; Erik Mortensen <emortensen@dtolaw.com>; Faris A. Rashid <FRashid@greeneespel.com>; Grace Schmidt <gschmidt@dtolaw.com>; gtonn@greeneespel.com <gtonn@greeneespel.com>; GiftRocket <GiftRocket@janove.law>; DAYRON SILVERIO <ds@podhurst.com>; mweinshall <mweinshall@podhurst.com>

I'm not going to respond to your characterization of why the case has lingered for three years, but I will make the following clear to avoid mischaracterizations of our position.

Briefing schedules exist for a reason. As everyone on this email chain knows, they typically allow roughly half the time for reply that they allow for an opposition. Per the negotiated agreement ordered by the court, we had 7 weeks for our opposition. You had 4 weeks for your reply (more than half of the time we had). We are offering you an extra week, which is more than reasonable given we made clear we might rely on an expert to oppose class cert (and also, it's fairly unheard of to *not* have experts at class cert). For reasons unclear to Defendants, Plaintiffs seem to want twice the time Defendants had to file the reply (or perhaps more- it's really unclear from what you wrote below). That would provide an unfair advantage that our clients were deprived of when they had to abide by the negotiated briefing schedule. Your request, if granted, would also run afoul of Rule 23.

You have not offered alternative deposition dates or made efforts to agree on a schedule. Instead, you listed an elongated schedule that would take the entire summer for a single deposition and reply brief. Hence, we intend to oppose. Not because we are insensitive to personal obligations, but because we believe in abiding by negotiated briefing schedules (though here we did offer Plaintiffs a reasonable extension, which you have rejected outright, which leaves us no choice but to oppose).

**From:** Liana Vitale <liana@janove.law>
**Sent:** Thursday, May 22, 2025 5:45 PM
**To:** Megan O'Neill <moneill@dtolaw.com>; Raphael Janove <raphael@janove.law>
**Cc:** Katie Burghardt Kramer <kkramer@dtolaw.com>; Erik Mortensen <emortensen@dtolaw.com>; Faris A. Rashid <FRashid@greeneespel.com>; Grace Schmidt <gschmidt@dtolaw.com>; gtonn@greeneespel.com; GiftRocket <GiftRocket@janove.law>; DAYRON SILVERIO <ds@podhurst.com>; mweinshall <mweinshall@podhurst.com>
**Subject:** Re: Gracie Baked v. GiftRocket

Megan --

We have different views about your framing of the extension request and what is commonplace in a class action. Regardless, our team has vacation scheduled during this window and our co-counsel has a trial June 2 to June 13. No one reserved time for a lengthy and unanticipated expert report or related expert discovery. Experience tells us that we may also need time to raise and have the court resolve disputes over issues that would normally be worked out

between the parties (this email chain is exemplary). There is nothing especially urgent about the briefing schedule in this case--which has been pending for several years, and where the schedule was repeatedly extended because of the GiftRocket Defendants' delay in producing documents and making witnesses available for deposition. So I'm not sure why you are trying so hard to force a schedule that ignores these realities. In any event, as our efforts to agree on a schedule with you are not working, we will just advise the court that you refuse to agree to any extension of more than a week notwithstanding the above. It does not appear that further back and forth on this issue will be productive, but obviously let us know if you change your mind and want to agree on dates along the lines we proposed.

Thanks,

Liana

---

**From:** Megan O'Neill <moneill@dtolaw.com>
**Sent:** Thursday, May 22, 2025 3:20 PM
**To:** Liana Vitale <liana@janove.law>; Raphael Janove <raphael@janove.law>
**Cc:** Katie Burghardt Kramer <kkramer@dtolaw.com>; Erik Mortensen <emortensen@dtolaw.com>; Faris A. Rashid <FRashid@greeneespel.com>; Grace Schmidt <gschmidt@dtolaw.com>; gtonn@greeneespel.com <gtonn@greeneespel.com>; GiftRocket <GiftRocket@janove.law>; DAYRON SILVERIO <ds@podhurst.com>; mweinshall <mweinshall@podhurst.com>
**Subject:** RE: Gracie Baked v. GiftRocket

I am not sure about your use of the term "reasonable" below.  We agreed to quickly produce documents, make our expert available for deposition, and provide you an extra week to file your reply. That is very reasonable.

By my count, with a one-week extension, Plaintiffs would then have 5 weeks to respond to the opposition, which is as much time as any of the prior schedules allowed for (those schedules expressly contemplated expert reports being served with the opposition and still provided 4-5 weeks to respond, which is, in my experience, entirely commonplace in a class action).   In light of that, what is your basis for seeking a two to three month (or more) extension of time to take a deposition and file your reply brief?

---

**From:** Liana Vitale <liana@janove.law>
**Sent:** Thursday, May 22, 2025 3:11 PM
**To:** Megan O'Neill <moneill@dtolaw.com>; Raphael Janove <raphael@janove.law>
**Cc:** Katie Burghardt Kramer <kkramer@dtolaw.com>; Erik Mortensen <emortensen@dtolaw.com>; Faris A. Rashid <FRashid@greeneespel.com>; Grace Schmidt <gschmidt@dtolaw.com>; gtonn@greeneespel.com; GiftRocket <GiftRocket@janove.law>; DAYRON SILVERIO <ds@podhurst.com>; mweinshall <mweinshall@podhurst.com>
**Subject:** Re: Gracie Baked v. GiftRocket

Hi Megan — Our position is that if Defendants will not agree to a reasonable modification of the schedule for the reasons stated in Rafi's email, then we will ask the Court to grant one without your agreement. We can discuss deposition dates for Dr. Ugone once the Court rules on our scheduling application. Best, Liana

**From:** Megan O'Neill <moneill@dtolaw.com>
**Sent:** Thursday, May 22, 2025 2:51 PM
**To:** Raphael Janove <raphael@janove.law>
**Cc:** Katie Burghardt Kramer <kkramer@dtolaw.com>; Erik Mortensen <emortensen@dtolaw.com>; Faris A. Rashid <FRashid@greeneespel.com>; Grace Schmidt <gschmidt@dtolaw.com>; gtonn@greeneespel.com <gtonn@greeneespel.com>; GiftRocket <GiftRocket@janove.law>; Liana Vitale <liana@janove.law>; DAYRON SILVERIO <ds@podhurst.com>; mweinshall <mweinshall@podhurst.com>
**Subject:** RE: Gracie Baked v. GiftRocket

Is it your position that neither you nor your co-counsel are available on June 3 to depose Dr. Ugone?

We stated we would accept service on Dr. Ugone's behalf, not that we would treat him as a party. If you prepare a proper subpoena, DTO will accept service of it on Dr. Ugone's behalf.

**From:** Raphael Janove <raphael@janove.law>
**Sent:** Thursday, May 22, 2025 2:10 PM
**To:** Megan O'Neill <moneill@dtolaw.com>
**Cc:** Katie Burghardt Kramer <kkramer@dtolaw.com>; Erik Mortensen <emortensen@dtolaw.com>; Faris A. Rashid <FRashid@greeneespel.com>; Grace Schmidt <gschmidt@dtolaw.com>; gtonn@greeneespel.com; GiftRocket <GiftRocket@janove.law>; Liana Vitale <liana@janove.law>; DAYRON SILVERIO <ds@podhurst.com>; mweinshall <mweinshall@podhurst.com>
**Subject:** Re: Gracie Baked v. GiftRocket

Megan,

We disagree with your understanding of the schedule and do not believe it contemplated that Defendants would disclose an expert for the first time at 9:36 pm ET on Friday, the date your opposition brief was due, much less an 81-page expert report with 21 exhibits for a total of 242 pages (albeit a report composed largely of legal argument that isn't appropriate expert testimony). Nor do we believe the schedule contemplated that the briefing schedule would not change if Defendants ultimately chose to retain an expert per your footnote in the joint letter to the court.

Further, as we have already advised your team when discussing the schedule, members of our team have vacation travel planned in June. In any event, although I believe the Court would appreciate the parties submitting a proposed agreed-upon schedule, if you do not want to work with us to accomplish that we will just request the extension. Please let us know if you change your mind.

Also, please find attached Plaintiffs' First Set of Requests for Production to Dr. Ugone.

Thanks.

**Raphael Janove**



---

**From:** Megan O'Neill <moneill@dtolaw.com>
**Sent:** Wednesday, May 21, 2025 9:39 PM
**To:** Raphael Janove <raphael@janove.law>
**Cc:** Katie Burghardt Kramer <kkramer@dtolaw.com>; Erik Mortensen <emortensen@dtolaw.com>; Faris A. Rashid <FRashid@greeneespel.com>; Grace Schmidt <gschmidt@dtolaw.com>; gtonn@greeneespel.com <gtonn@greeneespel.com>; GiftRocket <GiftRocket@janove.law>; Liana Vitale <liana@janove.law>; DAYRON SILVERIO <ds@podhurst.com>; mweinshall <mweinshall@podhurst.com>
**Subject:** RE: Gracie Baked v. GiftRocket

Counsel:

Yes, we will accept service on Dr. Ugone's behalf.

Given the limited scope of discovery here and the fact that the vast majority (if not all) of the materials Dr. Ugone relied on are publicly available or were already produced in this case, we see no issue producing documents prior to the deposition dates offered, nor do we see why we could not proceed with Dr. Ugone's deposition by June 3 (or even the earlier date proposed).

Note that under prior schedules proposed by the parties and ordered by the court, the time between the opposition and reply to class certification was roughly a month—and those schedules contemplated use of experts and that Plaintiffs would be deposing our expert(s) and/or potentially filing Daubert motion(s) in the time between an opposition and reply.  As such, there is no good cause to deviate from the present schedule, which the parties agreed upon and we abided by in filing our Opposition on time.  The schedule you propose below is also *well* outside the bounds of what courts allow, as you are no doubt aware.

Although you have not articulated good cause for an extension, we are willing to offer a one-week extension as a professional courtesy.  If that works for you, let's finalize dates for Dr. Ugone's deposition to avoid unnecessary delays.

Best,

Megan

**Megan O'Neill** | **DTO Law**

702 Marshall Street | Suite 640 | Redwood City, CA 94063

915 Wilshire Boulevard | Suite 1950 | Los Angeles, CA 90017

Direct: 213.840.7899 | moneill@dtolaw.com

---

**From:** Raphael Janove <raphael@janove.law>
**Sent:** Wednesday, May 21, 2025 1:54 PM
**To:** Grace Schmidt <gschmidt@dtolaw.com>
**Cc:** Megan O'Neill <moneill@dtolaw.com>; Katie Burghardt Kramer <kkramer@dtolaw.com>; Erik Mortensen <emortensen@dtolaw.com>; Faris A. Rashid <FRashid@greeneespel.com>; gtonn@greeneespel.com; GiftRocket <GiftRocket@janove.law>; Liana Vitale <liana@janove.law>; DAYRON SILVERIO <ds@podhurst.com>; mweinshall <mweinshall@podhurst.com>
**Subject:** Re: Gracie Baked v. GiftRocket

Grace,

Thanks for your email. We were just about to reach out.  Can you confirm whether you'll accept service of discovery requests to the expert?

Plaintiffs propose the following schedule. If you agree, we can write the letter to adopt the following:

- May 23 - Document requests to the expert
- June 20 - Completion of document discovery
- July 17 - Expert deposition completed by
- 30 days within receipt from errata submission by expert - Plaintiffs' Reply iso Class Cert and Daubert Motion (if any)

Please let us know your position as soon as possible, as we need to alert the Court shortly.

Thanks.

**Raphael Janove**



---

**From:** Grace Schmidt <gschmidt@dtolaw.com>
**Sent:** Wednesday, May 21, 2025 4:09 PM
**To:** Raphael Janove <raphael@janove.law>
**Cc:** Megan O'Neill <moneill@dtolaw.com>; Katie Burghardt Kramer <kkramer@dtolaw.com>; Erik Mortensen <emortensen@dtolaw.com>; Faris A. Rashid <FRashid@greeneespel.com>; gtonn@greeneespel.com <gtonn@greeneespel.com>; GiftRocket <GiftRocket@janove.law>; Liana Vitale <liana@janove.law>; DAYRON SILVERIO <ds@podhurst.com>; mweinshall <mweinshall@podhurst.com>
**Subject:** Gracie Baked v. GiftRocket

Rafi—

Please let us know if you intend to depose GiftRocket's expert, Dr. Ugone.  If so, Dr. Ugone is available on either Wednesday, May 28 or Tuesday, June 3 to sit for a remote deposition.  Please advise as soon as possible.

Best,

Grace

**Grace E. Schmidt** | **DTO Law**

307 5th Ave, 12th Floor

New York, New York 10016

Main: 415.630.4100

gschmidt@dtolaw.com | www.dtolaw.com