

Megan O'Neill
moneill@dtolaw.com

May 27, 2025

**VIA ECF**

The Honorable Rachel P. Kovner
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  *Gracie Baked LLC, et al. v. GiftRocket, Inc. et al.*, No. 1:22-cv-04019-RPK-VMS

Dear Judge Kovner:

We write on behalf of GiftRocket Inc., Tremendous Inc., Nicolas Baum, Kapil Kale, Jonathan Pines, Benjamin Kubic, GiftRocket LLC, Tremendous LLC, and Tremendous Parent, Inc. (the "GiftRocket Defendants") to oppose Plaintiffs' motion for an extension of their deadline to file a reply in support of their class certification motion, ECF No. 260.

Although Plaintiffs do not specify an exact deadline, they appear to be seeking between ten and fourteen *additional* weeks to file their class certification reply, which is now due on June 13, 2025. *See* ECF No. 260 (seeking an extension to July 17, 2025 "to complete depositions," and until "30 days within receipt [sic] of deposition errata" to file their reply and any *Daubert* motions). Plaintiffs' request for fourteen to eighteen total weeks to file a reply brief should be denied. The GiftRocket Defendants ask that the negotiated, Court-approved schedule remain in place.

In January 2025, Plaintiffs—in an unusual move—indicated they would not rely on an expert in moving for class certification. The parties then negotiated a class certification briefing schedule, which they submitted to the Court in February 2025. *See* ECF No. 241. In that submission, Defendants expressly reserved the right to submit an expert report in response to Plaintiffs' class certification motion. *See id.* at 2 n.2 ("Defendants reserve the right to rely on expert testimony in opposing class certification, which they will be able to determine once they have been served with Plaintiffs' motion for class certification."). Plaintiffs did not request any modification to the schedule if such a report were submitted, which is unsurprising because the parties had allowed sufficient time for such discovery in the schedule the Court approved. *See id.* at 2 (proposing May 16, 2025 deadline for Defendants' opposition and June 13, 2025 as the deadline for Plaintiffs' reply).

Having approximately one month to depose GiftRocket's class certification expert and file a reply brief is entirely typical of case schedules in class actions. For that reason, the Parties' current schedule ***reflects the same timing set forth in a prior schedule they had submitted that called for expert discovery during the class certification briefing period***. *See* ECF No. 169 at 1 & n.1 (proposing December 20, 2024 deadline for "Service of Class Certification Opposition and

702 Marshall Street, Suite 640
Redwood City, CA 94063
main: (415) 630-4100 | dtolaw.com

915 Wilshire Boulevard, Suite 1950
Los Angeles, CA 90017
main: (213) 335-6999 | dtolaw.com

307 5th Avenue, 12th Floor
New York, NY 10016
main: (646) 995-5400 | dtolaw.com

Supporting Expert Reports" and January 24, 2025 deadline for "Service of Class Certification Reply" and noting "[t]o the extent the Parties serve *Daubert* motions to exclude the testimony of another party's expert . . . , Plaintiffs will serve their Daubert motions with their Class Certification Reply"). The existing schedule is thus consistent with, and allows sufficient time to conduct, expert discovery, which is a fairly straightforward process.

Furthermore, Defendants have moved speedily to avoid the need for any additional time. The GiftRocket Defendants began producing documents to Plaintiffs on May 23, 2025, the same day Plaintiffs served a subpoena. They also offered to produce their expert for deposition on either May 28, 2025, or June 3, 2025. Plaintiffs did not indicate they were unavailable on either of these dates, nor did they propose alternative dates.

Although the GiftRocket Defendants do not believe the Court's schedule needs to be modified, as a professional courtesy, they offered to jointly propose an additional week—which would have provided Plaintiffs with a total of 35 days (five weeks) to reply and take GiftRocket's expert's deposition. Plaintiffs rejected Defendants' proposal, instead moving for months of additional time. But there is no good cause for such an extreme modification of the case schedule. Plaintiffs' request thus runs afoul of Rule 16(b).

"A finding of good cause depends on the diligence of the moving party." *Singh v. Sachem Cent. Sch. Dist.*, 342 F.R.D. 367, 368 (E.D.N.Y. 2022) (cleaned up). "The burden to establish good cause lies with the movant." *Naples v. Stefanelli*, 2020 WL 5708717, at *1 (E.D.N.Y. Sept. 24, 2020). Plaintiffs have plainly not exercised diligence here. They waited a week after receiving Dr. Keith Ugone's expert report to serve a basic subpoena on Dr. Ugone for documents. Defendants offered deposition dates for Dr. Ugone, which Plaintiffs have not accepted, nor have Plaintiffs requested an alternative date in early June. The GiftRocket Defendants have already produced all of the documents Dr. Ugone relied upon in preparing his expert report analysis. To the extent any documents remain, the GiftRocket Defendants will be producing them shortly, which would still give Plaintiffs' counsel more than enough time to prepare for a deposition in early June.

Nor have there been any "belated disclosures" that could justify such an extreme delay here. GiftRocket's expert disclosure was timely both under Rule 26, which pertains to witnesses to be used at trial (not for class certification), and the Court's scheduling orders in this case. *See* Fed. R. Civ. P. 26(a)(2)(A) ("In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."); *see also* Feb. 10, 2025 Order (Kovner, J.) (adopting class certification briefing schedule and not setting an expert disclosure deadline for defendants).

And while Plaintiffs claim surprise over two absent class member declarations Defendants submitted in opposition to class certification, the GiftRocket Defendants disclosed this category of witness in their Second Amended Initial Disclosures. Further, the Court explicitly stated in its March 27, 2024 Order—when denying the GiftRocket Defendants' motion to compel communications between Plaintiffs' counsel and absent class members—that Defendants were free to engage in informal discovery of the putative class members themselves, should they so choose. *See* Mar. 27, 2024 Order (Scanlon, J.) ("To the extent that Defendants need discovery from the

putative class members, they can seek it from the class members themselves to the extent it relates to their claims. For example, these materials may touch on the scope of any alleged injury the putative class members each suffered.").

Plaintiffs also attempt to justify the extreme delay requested by pointing to three consumer declarations submitted in opposition to class certification that described their experience and overall satisfaction with GiftRocket. This too fails. Defendants sought these declarations after Plaintiff relied on materials in their motion for class certification that had not been produced, i.e., excerpts of online reviews. These three one-page declarations were executed just days before Defendants' Opposition was served: specifically, Dana Pak and Matthew Oswell executed their declarations on May 13, 2025, and Michael Snyder executed his declaration on May 15, 2025.

Accordingly, Plaintiffs have not met their burden of showing good cause to modify the scheduling order at all, let alone to extend their class certification reply deadline from June 13 to an unspecified date in August 2025 (or later).

Plaintiffs' request also does not comply with Rule 23, which requires a court to decide whether to certify a class as soon as practicable. *See* Fed. R. Civ. P. 23(c)(1)(A). Plaintiffs offer no justification for dragging out the class certification briefing process by several months—particularly after they urged the Court on multiple occasions to move this case forward. *See, e.g.*, ECF No. 215 at 12 (opposing Defendants' discovery-extension request on grounds that delay would "deter Plaintiffs from pursuing justice on behalf of the Plaintiff class").

Despite Plaintiffs' failure to justify their request for more time, the GiftRocket Defendants have no objection to a short extension of Plaintiffs' reply deadline to June 20, 2025. The additional week would provide Plaintiffs—who claim they possess adequate experience and bandwidth to represent the putative class here—a total of five weeks to take one deposition and file their reply brief, which is more than sufficient and would avoid further delays in a case filed three years ago.

Very truly yours,

Megan O'Neill
Attorneys for the GiftRocket Defendants