

Raphael Janove  
Shareholder

500 7th Avenue  
8th Floor  
New York, NY 10018

T 646-347-3940  
raphael@janove.law  
www.janove.law

May 30, 2025

**VIA ECF**

The Honorable Rachel P. Kovner  
United States District Court  
225 Cadman Plaza East  
Brooklyn, NY 11201

    Re: *Gracie Baked LLC, et al. v. GiftRocket, Inc. et al.*, No. 1:22-CV-04019-RPK-VMS

Dear Judge Kovner:

  We write on behalf of Plaintiffs in reply to Defendants' May 27, 2025 submission opposing Plaintiffs' request for an extension of time to file a reply in support of Plaintiffs' Motion for Class Certification (the "Reply"). Plaintiffs' request simply seeks to reconfigure the current schedule—which did not contemplate expert discovery or include any deadlines related to it—to account for discovery of an expert and certain declarant witnesses that Defendants revealed for the first time in mid-May in filing their opposition to Plaintiffs' motion for class certification.

  There is good cause to grant the extension so that Plaintiffs can have adequate time to conduct this discovery and then prepare a *Daubert* motion and their Reply. And although Plaintiffs' damages theory does not require expert testimony because it relies on simple mathematical calculations derived from Defendants' own records, Plaintiffs should also be allowed sufficient time to consider whether any of Dr. Ugone's purported expert testimony requires an expert rebuttal, and identify an appropriate expert to provide it.[1]

  Conversely, there is no good reason to encourage Defendants to conceal anticipated experts and impose an unnecessarily compressed time period for expert discovery. In accordance with the Parties joint scheduling letter, in which Defendants stated in a footnote that they "reserve[d] the right to rely on expert testimony in opposing class certification, which they will be able to determine once they have been served with Plaintiffs' motion for class certification," ECF. No. 241, n.2, Plaintiffs reasonably understood that Defendants would disclose any new experts shortly after receiving Plaintiffs' class certification motion so that the Parties could modify the schedule as needed to account for expert discovery.

  The opposite occurred. Per Dr. Ugone's document production yesterday, Dr. Ugone was fully engaged no later than April 4, 2025, just one week after Plaintiffs served the class certification

---

[1] *Cf.* Fed. R. Civ. P. 26, 1993 committee amendment notes ("*Paragraph (2)*. This paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.").

motion. Defendants then spent six weeks developing an 81-page expert report without disclosing to Plaintiffs that they intended to introduce an expert.

Thus, any resulting delay stems solely from Defendants' own strategic choices. This is especially so because Plaintiffs' damages theory was set up in significant detail in Plaintiffs' initial disclosures, and known to Defendants well in advance of class certification briefing. Defendants could have easily avoided "dragging out the class certification briefing process" by disclosing their expert sooner, but chose not to do so.[2]

Further, Dr. Ugone has yet to produce documents responsive to the vast majority of Plaintiffs' requests, and largely refuses to produce documents based on unsubstantiated claims of privilege (no privilege log was produced). *See, e.g., Gordon v. Hydrohoist Marine Grp., Inc.*, 2021 WL 9183823, at *1 (E.D.N.Y. July 19, 2021) (ordering production of communications as expert as non-privileged for either as permitted discovery of expert-counsel communications under Fed. R. Civ. P. 26(b)(4)(C) or of communications between the expert and the party). Plaintiffs need adequate discovery from the expert before deposing him.[3] Defendants also have not yet responded to Plaintiffs' discovery requests concerning consumer and business declarants, who were not timely identified and may also need to be deposed.

In addition, had Plaintiffs' counsel known in advance that this discovery would take place they could have arranged schedules accordingly. However, at this point (as Defendants are aware) counsel has trial scheduled from June 2 to June 13. As a result, the requested extension is slightly longer than what Plaintiffs would have requested if the expert had been disclosed sooner. Regardless, Defendants' characterization of the schedule as lengthy and imprecise because the proposed reply deadline is triggered off Defendants' submission of the errata sheet for their expert's deposition ignores that the timing is controlled entirely by Defendants, who can submit the deposition errata sheet as promptly as they wish.

Finally, Defendants' reliance on a proposed schedule from very early in the case is also misplaced. That schedule simply set placeholders, virtually all of which have been modified (including a lengthy extension of the discovery schedule to account for Defendants' delays in producing document and scheduling depositions), and does not rebut Plaintiffs' showing of good cause for an extension here. More recently, Judge Scanlon ordered the Parties to submit a proposed expert discovery schedule "if applicable." *See* Dec. 4 Order (Scanlon, J.). The Parties did not submit one because it was not "applicable" at the time. Instead, the Parties submitted a class

---

[2] *Cf.* Fed. R. Civ. P. 26(a)(2)(D) (ii) ("*Time to Disclose Expert Testimony.* . . . Absent a stipulation or a court order, the disclosures must be made . . . (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.").

certification and briefing schedule that did not mention expert reports or provide any time for expert discovery, other than both parties reserving rights to rely on expert testimony.

Plaintiffs plainly did not contemplate by submitting the joint briefing schedule, that Plaintiffs were agreeing that Defendants would wait until the "proverbial 'eleventh hour' to identify new witnesses that the opposing party may use to support its claims or defenses." *See Gilead Scis., Inc. v. Safe Chain Sols. LLC*, 345 F.R.D. 22, 28 (E.D.N.Y. 2024). Nor did Plaintiffs contemplate or agree in that briefing schedule that Plaintiffs would only have four weeks to (a) file a Reply, (c) file a *Daubert* Motion, and (c) choose whether to hire a rebuttal expert and serve an expert rebuttal report. Rather, Plaintiffs presumed that if Defendants were to hire an expert, that that fact would be timely disclosed, and that the Parties would submit an expert discovery schedule since the need for such schedule would have become "applicable," per Judge Scanlon's prior order.

In sum, now that Defendants have revealed an 81-page expert report with 21 exhibits and multiple new declarants in support of their class certification arguments, Plaintiffs have good cause to modify the schedule to account for related discovery and consideration of a rebuttal expert. The proposed schedule is in line with how expert discovery is normally conducted, and conforms to the disclosure timelines contemplated by Fed. R. Civ. P. 26. There is good cause to grant Plaintiffs' scheduling request, and Plaintiffs respectfully request that the Court order the schedule proposed by Plaintiffs.

Respectfully submitted,

*/s/ Raphael Janove*

Raphael Janove

CC: All Counsel of Record via ECF