

Megan O'Neill
moneill@dtolaw.com

July 2, 2025

**VIA ECF**

The Honorable Vera M. Scanlon
United States District Court
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

Re: **Gracie Baked LLC, et al. v. GiftRocket, Inc. et al., No. 1:22-cv-04019-RPK-VMS**

Dear Judge Scanlon:

I write jointly on behalf of GiftRocket Inc., Tremendous Inc., Nicolas Baum, Kapil Kale, Jonathan Pines, Benjamin Kubic, GiftRocket LLC, Tremendous LLC, and Tremendous Parent, Inc. (the "GiftRocket Defendants"), Sunrise Banks, and Plaintiffs (collectively, the "Parties") to respectfully request this Court adopt the stipulated schedule for additional discovery set forth below, along with the specified discovery conditions.

**Background Statement**

On February 10, 2025, Judge Kovner adopted the parties' proposed briefing schedule for class certification, which provided that, as relevant here, Defendants' opposing papers were to be served on May 16, 2025, with Plaintiffs' reply papers due on June 13, 2025. Because Plaintiffs indicated they did not intend to rely on an expert in connection with their motion for class certification – *see* ECF No. 241 – no expert discovery was referenced in the schedule, though Defendants reserved the right to rely on an expert in opposing class certification.

After Defendants served Plaintiffs with their papers opposing the motion for class certification on May 16, 2025, which included the expert report of Dr. Keith Ugone, Plaintiffs filed a motion (ECF No. 260) with Judge Kovner requesting until July 17, 2025, to complete additional depositions and an extension of time to file their reply until 30 days after receiving deposition errata, which Defendants opposed (instead proposing a one-week extension and prompt deposition of Dr. Ugone).

Judge Kovner granted Plaintiffs' motion in part, finding that (a) the deadline to file the reply to class certification be seven days after the "receipt of deposition errata relevant to class certification"; and (b) "[a]ny request to set discovery deadline shall be directed to Judge Scanlon." *See* Docket Text Order, dated June 5, 2025, 6:10 pm.

The parties then met and conferred extensively regarding proposed deadlines for additional discovery related to class certification and the deposition of defense expert Dr. Keith Ugone deposition, which the parties have agreed will take place on July 11, 2025, in New York, New York.

**Stipulated Discovery Schedule Request**

As a result of those meet and confer efforts, the parties have reached an agreement and now propose that this Court order the following:

(1) That July 17, 2025, be the discovery cut-off date for completion of any discovery related to GiftRocket LLC's expert witness, Dr. Keith Ugone, and any discovery from the five third parties whose declarations Defendants submitted in support of their opposition to Plaintiffs' motion for class certification, and that this deadline be subject to the good cause standard of Rule 16(b).[1] *See, e.g., Baptiste v. Suffolk Cnty.*, 2022 WL 1224570, at *4 (E.D.N.Y. Apr. 26, 2022) (Scanlon, J.);

(2) That any depositions of the five third-party declarants: (a) be limited to 2.5 hours, with a minimum of 30 minutes reserved for questions by Defendants; and (b) occur remotely, unless an in-person deposition is requested by the witness;[2] and

(3) Plaintiffs must disclose by July 3, 2025, whether they intend to rely on a rebuttal expert to support their reply to their motion for class certification. If Plaintiffs seek to rely upon an expert, the parties will meet and confer regarding a period for rebuttal expert discovery and file a proposed schedule with this Court.[3]

Very truly yours,

Megan O'Neill
Attorneys for the GiftRocket Defendants

---

[1] Although the Parties agree that Rule 16(b) applies, they disagree on whether any particular circumstances would or would not satisfy the standard. The Parties reserve all rights in that regard.

[2] Defendants agreed not to object to Plaintiffs seeking to depose these additional witnesses, which would cause Plaintiffs to exceed the total number of depositions (12) previously agreed upon in this case, in exchange for Plaintiffs agreeing to the above two conditions.

[3] Defendants reserve the right to seek leave to file a sur-reply to class certification, to the extent Plaintiffs rely upon testimony from the declarant depositions or a rebuttal expert, if any, in their reply in support of their motion for class certification.

*/s/ Raphael Janove*
Raphael Janove
**JANOVE PLLC**
500 7th Avenue, 8th Fl.
New York, NY 10018
(646) 347-3940
raphael@janove.law

*Attorney for Plaintiffs and the Proposed Classes*

*/s/ Gina M. Tonn*
Mark L. Johnson (admitted PHV)
Faris A. Rashid (admitted PHV)
Gina M. Tonn (admitted PHV)
Kshithij Shrinath
**GREENE ESPEL PLLP**
222 S. Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
mjohnson@greeneespel.com
frashid@greeneespel.com
gtonn@greeneespel.com
kshrinath@greeneespel.com

*Attorneys for Defendant Sunrise Banks, N.A.*