

Megan O'Neill
moneill@dtolaw.com

July 31, 2025

**VIA ECF**

The Honorable Rachel P. Kovner
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: *Gracie Baked LLC, et al. v. GiftRocket, Inc. et al.*, No. 1:22-cv-04019-RPK-VMS

Dear Judge Kovner:

We write jointly on behalf of Plaintiffs and GiftRocket Inc., Tremendous Inc., Nicolas Baum, Kapil Kale, Jonathan Pines, Benjamin Kubic, GiftRocket LLC, Tremendous LLC, and Tremendous Parent, Inc. ("GiftRocket") concerning GiftRocket's intention to file a motion for summary judgment (prior to this Court ruling on class certification) addressing the claims of the individual Plaintiffs and, as related thereto, their request that the Court approve a briefing schedule.

Because it is Plaintiffs' position (as described further below) that based on Defendants description of their anticipated motion, Plaintiffs would likely ask the Court to hold it in abeyance until a later date, the Parties are proceeding as follows. In this letter, the Parties lay out their respective positions. If the Court approves Defendants' request, the Parties will jointly submit a briefing schedule within three business days for the Court's approval.[1]

**Plaintiffs' Position**

In late 2024, as the discovery phase of this case was ending, the Court instructed the parties to submit a proposed schedule for briefing on class certification and motions for summary judgment. At a November 11, 2024 hearing, Defendants mentioned potential summary judgment motions they might bring before class certification, informing the Court they would "work with plaintiff's counsel to figure out a schedule" and "how those dates would intersect with the class certification briefing." Ex. A (Nov. 12, 2024 Tr.) 16:23-17:3. Without further discussion, Defendants then filed a motion for summary judgment on behalf of individual defendant Benjamin Kubic. ECF No. 239. When the parties discussed the schedule for the remainder of the case, Defendants proposed that Kubic's motion be briefed immediately and other summary judgment motions be due after the Court's decision on Plaintiffs' anticipated motion for class certification, as that decision could narrow or inform the issues for summary judgment. Plaintiffs agreed, the parties submitted a

---

[1] Per Defendants' request, the parties are not proposing a schedule now given the uncertainty of when the Court would rule, which could require another letter submission with new dates and cause confusion.

The Honorable Rachel P. Kovner
July 31, 2025
Page 2

proposed schedule that followed that approach, and the Court so-ordered it. ECF No. 241. Defendants' proposed schedule did not identify any other contemplated summary judgment motions. Instead, they proposed a status conference following a class certification decision, with additional summary judgment briefing to follow. *Id*.

Recently Defendants stated their intention to file another summary judgment motion before the Court rules on Plaintiffs' pending motion for class certification. The only explanation offered by Defendants for this timing is that they can file as many summary judgment motions as they wish before the scheduled deadline for summary judgment motions, and that the Court can choose how it wants to rule on them. As best Plaintiffs can tell without seeing the motion, Defendants intend to repeat standing arguments already made in their opposition to class certification and a motion to dismiss based on their flawed understanding of what constitutes injury for Plaintiffs' claims, issues which are currently pending in Defendants' objections to Judge Scanlon recommending denial of the motion to dismiss. *See* ECF No. 152.

Plaintiffs do not believe it is proper, efficient or consistent with the schedule requested by the Court for Defendants to file a new summary judgment motion every six months, cluttering the docket with a variety of duplicative arguments presented in slightly different contexts. Plaintiffs therefore advised Defendants that they would likely ask the Court to hold the motion for summary judgment in abeyance pending its ruling on class certification. Defendants responded that they only wish to file the motion for summary judgment if Plaintiffs are required to respond to it now, hence this submission arguing in the abstract about a motion that has not yet been filed. Absent some compelling reason why this new summary judgment motion should be briefed now, Plaintiffs submit that it should be briefed and heard together with other summary judgment arguments on the current schedule, which contemplates motions for summary judgment following the Court's decision on Plaintiffs' motion to certify a class.

In sum, if Defendants wanted to move for summary judgment against the named Plaintiffs before class certification they should have done that months ago and built it into the schedule the parties proposed to the Court. But they didn't. None of Defendants' lengthy explanation below answers the basic question of why Defendants would bring this motion now instead of months ago or why they did not include it in the proposed schedule if they wanted it to be briefed before a ruling on the pending class certification motion. Nor does this motion appear likely to achieve any judicial economies. In the unlikely event the Court finds Defendants' arguments persuasive, the Court can find the named Plaintiffs inadequate on the current record, and other Plaintiffs can be substituted if necessary.[2]

---

[2] For example, Defendants apparently wish to repeat their arguments that the Court should ignore the understanding of all parties to the asset purchase agreement that Plaintiff WeCare retained its claims in this litigation and find Defendants' preferred interpretation of that agreement controlling instead. There is no judicial economy to be gained by multiple submissions concerning Defendants' flawed understanding of basic contract law and an agreement that does not involve them. And a finding that WeCare could not pursue claims on this unique basis would do nothing to streamline the litigation because other Plaintiffs

1012474

The Honorable Rachel P. Kovner
July 31, 2025
Page 3

**The GiftRocket Defendants' Position**

    **A.  Plaintiffs Distort GiftRocket's Position, Which Was Clearly Articulated to Plaintiffs.**

After first conferring via email, the Parties met and conferred via videoconference on July 21, 2025, regarding GiftRocket's intended motion for summary judgment.  During that thirty-minute conference, GiftRocket articulated its position, which Plaintiffs mischaracterize above.  For clarity, GiftRocket lays out its position along with relevant factual background related to its request.

    **B.  GiftRocket Has Been Transparent Regarding Its Intended Motion Practice.**

On November 12, 2024, the Court held a pre-motion conference to discuss GiftRocket's May 31, 2024 pre-motion letter regarding its planned motion to dismiss the Second Amended Complaint.  *See* ECF No. 164; Nov. 5, 2024 Order (Kovner, J.).  The Court inquired at the outset how GiftRocket wished to proceed to maximize efficiency considering the posture of the case.  Ex. A, 8:20-21. GiftRocket informed the Court of its intention to file multiple summary judgment motions:  (1) a motion soon thereafter on behalf of individual defendants (Benjamin Kubic and Jonathan Pines), which had previously been the subject of the May 31, 2004 pre-motion (to dismiss) letter; (2) another (broader) pre-certification motion for summary judgment addressing the lack of standing of the three plaintiffs, among other arguments; and (3) potentially a post-certification motion for summary judgment (which it believes will not be necessary).  *See id.* at 3:7-4:25, 8:22-9:23, 10:14-11:25, 12:5-14:6.

As to the first contemplated motion, because discovery was then about to close, GiftRocket stated it appeared more efficient for Defendants Kubic and Pines to file a summary judgment motion based on the factual record in lieu of the motion to dismiss contemplated in the May 2024 pre-motion letter.  *See id.* at 8:22-9:23.  GiftRocket filed that motion on February 3, 2025, which seeks summary judgment as to the claims again Defendant Kubic; it was fully briefed as of March 25, 2025.  *See* ECF Nos. 250–254.[3]

As to the second contemplated motion (the one it now intends to file), GiftRocket explained it intended to file a summary judgment motion based on the lack of standing of the plaintiffs, given discovery had borne out a lack of evidence to support their allegations, among other arguments,

---

can still pursue them. This is completely unlike the cases cited by Defendants where the motion for summary judgment addresses a global dispositive issue.

[3] In lieu of the motion to dismiss, Mr. Kubic filed his summary judgment motion quickly after the conference so that he could be dismissed from the case sooner rather than later (there is no evidence in the record that could give rise to individual liability against him).  *See, e.g.*, Ex. A, 9:10-21.  Mr. Kubic's motion remains pending.  Mr. Kubic's motion was limited solely to the issue of his individual liability, in contrast to the motion at issue in this joint letter, which (as discussed above) would be brought by all the GiftRocket Defendants due to a lack of evidence to support Plaintiffs' claims.

The Honorable Rachel P. Kovner
July 31, 2025
Page 4

including a lack of evidence to support liability against newly added defendants (e.g., Tremendous Parent).  *See, e.g.*, Ex. A, 10:14-11:10.

As to a future, potential post-certification summary judgment motion, GiftRocket noted it was impossible to prognosticate what that would address and whether it would be necessary at all, especially given it does not believe this case will proceed beyond either certification or its intended motion for summary judgment on Plaintiffs' individual claims.  *See id.* at 12:5-14:6.

Given GiftRocket informed the Court it intended to file two pre-certification motions for summary judgment, to which (after posing questions and hearing from Plaintiffs, who did not object) the Court had no objection, *see, e.g., id.* at 14:7-15:4, 17:4, and because a defendant may file summary judgment at any time prior to the final deadline for doing so, *see* Fed. R. Civ. P. 56(b); ECF No. 241 and Feb. 10, 2025 Order (Kovner, J.) (setting latest deadline to file summary judgment motions as 60 days post-certification), Plaintiffs' position is frivolous.

> **C. Plaintiffs Cite No Authority to Support Holding GiftRocket's Intended Summary Judgment Motion in Abeyance until after Class Certification, Which Would Deprive GiftRocket of the Opportunity to Obtain Summary Judgment Now as to the Claims of the Three Plaintiffs.**

As GiftRocket articulated during the Parties' meet and confer, the summary judgment motion for which GiftRocket now seeks a briefing schedule is typical of those defendants file prior to a ruling on class certification, meaning the motion is confined to the individual plaintiffs' claims, as opposed to those of the entire class (as it would be post-certification).  That some of the arguments Defendants intend to raise share similar bases to those in the pending motion to dismiss has no effect on the outcome here.[4]  *First*, GiftRocket's May 31, 2023 motion to dismiss was based on—as it had to be—Plaintiffs' ***allegations***.  In contrast, GiftRocket's summary judgment motion will be based on the ***entire record*** given that factual discovery is closed.  *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (At summary judgment, "[t]he time has come . . . to put up or shut up." (quoting Fleming James, Jr. & Geoffrey C. Hazard, Jr., Civil Procedure 150 (2d ed. 1977)).  *Second*, GiftRocket has additional bases to obtain summary judgment as to the claims of the individual plaintiffs, which it will lay out in its motion.

*Third*, Plaintiffs cite no authority entitling them to wait to oppose a motion for summary judgment until ***after*** certification, which would entirely defeat the purpose of a ***pre-***certification motion for summary judgment.  Indeed, many courts presented with both a pre-certification

---

[4] Defendants GiftRocket, Inc., Tremendous, Inc., Nicolas Baum, and Kapil Kale filed an objection to Judge Scanlon's Report and Recommendation concerning their motion to dismiss, arguing, amongst other things, Gracie Baked and WeCare had not plausibly pleaded actual, particularized harm sufficient to confer Article III standing.  *See* ECF No. 148 at 14–19.  Their objection is still pending before the Court.  *See* Nov. 13, 2024 Order (Kovner, J.) ("[T]he Court will adjudicate standing with respect to the second amended complaint based on the existing filings and existing R&R.").

The Honorable Rachel P. Kovner
July 31, 2025
Page 5

summary judgment motion and a motion for class certification choose to rule on the summary judgment motion first, which, if granted, moots the class certification motion. *See, e.g.*, *Jackson-Mau v. Walgreen Co.*, 652 F. Supp. 3d 349, 353 (E.D.N.Y. 2023) ("Because Defendants' motion for summary judgment is dispositive, the Court need not address the remaining pending motions, including [plaintiff's] . . . motion for class certification[.]"); *Clark v. Hershey Co.*, 2020 WL 587157, at *1 (N.D. Cal. Feb. 6, 2020) (denying plaintiff's class certification motion as moot due to ordering summary judgment based on finding plaintiff's claims failed as a matter of law). Contrary to Plaintiffs' position, "judicial economy *encourages* deciding first on summary judgment when a merits determination could inform and even moot class certification issues without prejudicing the parties." *Steele-Warrick v. Microgenics Corp.*, 2024 WL 4987020, at *1 (E.D.N.Y. Oct. 8, 2024) (citing *Authors Guild, Inc. v. Google Inc.*, 721 F.3d 132, 134 (2d Cir. 2013) (emphasis added).

*Fourth*, Plaintiffs position that dismissal of their individual claims would have no bearing on this case because they could substitute in other plaintiffs to pursue the claims is not well-taken, nor supported by the law. Plaintiffs have long been on notice of the plaintiffs' deficiencies and cannot show good cause, as would be required to add new parties at this late stage.

Plaintiffs also appear to fundamentally misunderstand the difference between (1) a Rule 23 adequacy or typicality challenge to a class representative and (2) a motion for summary judgment seeking judgment in favor of defendants regarding those plaintiffs' claims. As to the former, prevailing would mean denial of class certification, not dismissal of plaintiffs' individual claims. As to the latter, judgment would be entered, and the entire case would end. There is nothing "duplicative" about moving for summary judgment and opposing class certification.

*Finally*, as set forth above, GiftRocket already stated its intention to this Court to file a pre-certification summary judgment motion addressing the claims of the individual plaintiffs, among other arguments, and this Court had no objection. *See* Ex. A, 14:7-15:4, 17:4. Nothing has changed that would justify denying GiftRocket the ability to proceed with its motion now.

In sum, this letter was precipitated by a routine request: GiftRocket asking Plaintiffs to agree upon a briefing schedule, as is the proper procedure. Due to Plaintiffs' "hold in abeyance" arguments laid out above, however, GiftRocket must respectfully request that this Court first make clear (for avoidance of any doubt) that, once GiftRocket files its intended summary judgment motion, Plaintiffs will have to respond in the time prescribed by this Court. Upon the Court issuing such a ruling, the Parties have agreed to promptly submit a briefing schedule for approval.

Very truly yours,

Megan O'Neill

1012474

The Honorable Rachel P. Kovner
July 31, 2025
Page 6

Attorneys for the GiftRocket Defendants

/s/ Raphael Janove

Raphael Janove
Attorneys for Plaintiffs

1012474