# EXHIBIT A

```
                                                                    1

 1                   UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF NEW YORK
 2   - - - - - - - - - - - - - - - - X
                                     :
 3     GRACIE BAKED LLC, ET AL.,     :   22-CV-04019 (RPK)
                                     :
 4               Plaintiff,          :
                                     :   United States Courthouse
 5          -against-                :   Brooklyn, New York
                                     :
 6     GIFTROCKET, INC., ET AL.,     :
                                     :   November 12, 2024
 7               Defendants.         :   10:00 a.m.
                                     :
 8                                   :
     - - - - - - - - - - - - - - - - X
 9        TRANSCRIPT OF CIVIL CAUSE FOR PRE MOTION CONFERENCE
              BEFORE THE HONORABLE RACHEL P. KOVNER
10                 UNITED STATES DISTRICT JUDGE

11                    A P P E A R A N C E S:

12   For the Plaintiff:        JANOVE PLLC
                                500 7th Avenue, 8th Floor
13                              New York, New York  10018

14                              BY:  RAPHAEL JANOVE, ESQ.

15   For Defendants             DTO LAW
     GiftRocket, Tremendous,    307 5th Avenue, 12th Floor
16   Nicholas Baum, Kapil       New York, New York 10016
     Kale, Jonathan Pines,      BY:  KATHERINE BUGHARDT KRAMER, ESQ.
17   Benjamin Kubic:                 KEVIN WESTERMAN, ESQ.

18   For Defendant              GREENE ESPEL PLLP
     Sunrise Bank, N.A.:        222 South Ninth Street, Suite 2200
19                              Minneapolis, Minnesota 55402
                                BY:  FARIS A. RASHID, ESQ.
20

21

22   Court Reporter:            JAMIE ANN STANTON, RMR, CRR, RPR
                                Official Court Reporter
23                              Telephone: (718) 613-2274
                                E-mail:  JamieStanton.edny@gmail.com
24
     Proceedings recorded by computerized stenography.  Transcript produced by
25   Computer-aided Transcription.
                  *     *     *     *     *
```

1  Kubic, the individual defendants.
2              Is that right?
3              MS. KRAMER:  Yes, that's correct, Your Honor.
4              And then also some arguments on behalf of the
5   newly-added Tremendous LLC and Tremendous Parents.
6              THE COURT:  Okay.
7              MS. KRAMER:  I was just talking to Mr. Janove
8   before this conference about trying to figure out how to
9   handle this efficiently, because obviously at this point in
10  the case, we're only a couple of months -- I mean, as it
11  stands, we're about a month out from the close of fact
12  discovery.  We're probably going to extend that to allow for
13  some additional depositions.
14             So the issue is how to do this efficiently rather
15  than file motions to test the sufficiency of the
16  allegations.  What we were thinking of is that if we could
17  craft a schedule that allows us to do partial motions for
18  summary judgments and figure out, once we do the rest of the
19  case schedule, when that would be.  But, in particular, if
20  we could do that without having to do the pre-motion
21  conference letters to make the process a little bit more
22  efficient and have this sort of as the substitute for that,
23  instead of -- otherwise what we would do is file motions to
24  dismiss and say the allegations are insufficient and then I
25  assume the plaintiffs would say, well, we have additional

*Proceedings* 4

1    information that we've gathered in discovery, can we please
2    amend and then --
3              THE COURT:  Yes.
4              MS. KRAMER:   -- you know, that's not the most
5    efficient way of doing things.  But the issue is that we do
6    have these individual defendants, in particular, Mr. Pines
7    and Mr. Kubic, who were added to the case and there has
8    never been a ruling on the sufficiency of the allegations
9    against them because the motion to dismiss that we had filed
10   as to the First Amended Complaint was then mooted by the
11   filing of the Second Amended Complaint, which is why we're
12   now here.
13             In particular, we would like to be able to file
14   summary judgment for them, I think that's going to be much
15   more efficient, but in order to do so, we want to make sure
16   we're not then using up our one summary judgment
17   opportunity.
18             So this was a question for Your Honor, as well, if
19   your procedures -- if we are able to do multiple partial
20   motions for summary judgment, some that may be pre-class
21   certification, and then if the class is certified, then
22   reserve the opportunity to bring another one after
23   certification.
24             But that's what we were thinking of and wanted to
25   talk to Your Honor about.

1  because the standing issues, even if the Court only rules on
2  the standing issues as to the defendants who raised that
3  issue, if they don't have standing to bring -- if they don't
4  have standing to bring claims against those defendants --
5          THE COURT:  That's an Article 3 problem.
6          MS. KRAMER:  If they don't have standing, they
7  don't have standing, but I think there's no problem with
8  that.  We would like a ruling on that issue because it's
9  been pending for a little bit of time.
10         THE COURT:  Yes.
11         MS. KRAMER:  And I think that would -- that would
12 help to streamline, just to get everything adjudicated
13 that's been pending.
14         THE COURT:  Okay.  All right.
15         So that's that issue.
16         Then tell me about the other arguments you want to
17 make as to either the individual defendants or the corporate
18 entities.  You mentioned a motion for summary judgment.  You
19 mentioned a motion to dismiss at least in the letters.
20         What is it you are thinking is going to be the
21 most efficient way to litigate these issues?
22         MS. KRAMER:  And then we have Rule 12(b)(6)
23 arguments about the sufficiency of the allegations.  So for
24 the individuals, Mr. Pines and Mr. Kubic, challenging the
25 allegations to show that there -- there isn't enough that's

*Proceedings* 9

1  being pled against them to have individual liability.
2          THE COURT: Yes.
3          MS. KRAMER: We have two individuals with, they
4  have small connections to the facts, not enough here to tie
5  them in for individual liability. So that would be the
6  argument that's made on behalf of those two individuals;
7  that it was briefed, so that was -- that was briefed, but
8  then was ruled to the moot by Judge Scanlon --
9          THE COURT: Right.
10         MS. KRAMER: -- because of the filing of the
11 Second Amended Complaint.
12         So we would like the chance to bring that up, but
13 looking at the point of efficiency, we can either challenge
14 what's in the Complaint or we could say, okay, we're within
15 shouting distance of being at the end of fact discovery, why
16 don't we just look at all of the facts and say now that
17 we've looked at all the facts, we don't have enough to keep
18 these two people in the case, time to get them out, and do
19 that on summary judgment.
20         THE COURT: Yes. Certainly seems like that's
21 going to be more efficient, right?
22         MS. KRAMER: I think that would be certainly more
23 efficient.
24         And then for Tremendous, LLC and Tremendous
25 Parent, Inc., also questions of -- for them it would be

primarily challenging the alterego allegations, that seems to be the Plaintiff's allegation for why they should be in the Complaint, because they're alleged to be alteregos of what's now GiftRocket, LLC, formerly Tremendous Inc., formerly GiftRocket, Inc., but that's all the same entity. So they're alleging alterego.

Similar, there's not enough in the Complaint to establish alterego, but, again, it doesn't really make sense to challenge the sufficiency of the allegations in the Complaint when we're so close to the end of discovery and we can say, now that we've looked at all of the facts, there isn't enough for that alterego tying them into the case.

THE COURT: Yes.

MS. KRAMER: And then potentially other arguments as well, but that's the -- I think, broadly speaking, I think those are the primary issues that we would be looking at, then bringing to the Court.

THE COURT: Okay.

MS. KRAMER: And then, of course, the standing issue, now that we have all the of the facts, to say, okay, well, you alleged certain things, you alleged harm to reputation, you alleged diversion of customers, you alleged other harm, is there any evidence of that? So far we haven't seen evidence of it in the discovery process, but that's something that we would then challenge, say, okay,

1  there were certain allegations, but are there -- is there
2  evidence to actually back that up, is there anything that's
3  going to help you show that you have a reason to be in court
4  at this point?
5         THE COURT:  So it's like basically summary
6  judgment motions on behalf of the alterego defendants, the
7  individual defendants, and then summary judgment as to
8  standing, those are the motions you are contemplating; is
9  that right?
10         MS. KRAMER:  That's what we're thinking of.
11         And the issue here is that we now have -- it's a
12  pretty complicated litigation in terms of there's three
13  different plaintiffs with different issues and there's the
14  four individual defendants and then the entity defendants.
15  So that's why we were thinking that we would like to be able
16  to then try to simplify the case through partial summary
17  judgment motions that go to certain pieces of the case.
18  Because it's not -- it's not as simple as, you know, at the
19  very beginning of the case, it was two plaintiffs, one
20  defendant.  It has ballooned since then, but then -- so
21  that's what we would be thinking of, is to be able to bring
22  summary judgment motions.  You know, for example, bring a
23  summary judgment motion that was focused on the issue of
24  Benjamin Pines -- of Jonathan Pines and Benjamin Kubic.  And
25  then other motions that would address the --

1    THE COURT: So I guess the issue is that you are
2  thinking you are going to file these motions and then you
3  are thinking later you would file an additional summary
4  judgment motion raising different arguments? Or what?
5    MS. KRAMER: Well, the issue, Your Honor, is that
6  it's possible that we would want to file some summary
7  judgment motions before the class certification issue and
8  then depending on what happens with class certification,
9  potentially reserve -- what we would like to do is then
10 reserve the right to still bring a class-wide summary
11 judgment motion down the road. And that's why we're looking
12 at being able to do partial summary judgment. So we could
13 do some now on just saying, okay, is there anything on
14 behalf -- is there a way to narrow this down for the
15 plaintiffs and these defendants on a one-to-one basis, but
16 then not waiving the right to bring summary judgment on a
17 class-wide basis if the class ends up being certified.
18    THE COURT: Is there anything additional that you
19 would be able to argue on summary judgment later that you
20 wouldn't be able to argue now? I guess I'm just not getting
21 what the class certification decision is going to do for
22 summary judgment. It seems like either if you're entitled
23 to summary judgment as against these individual defendants,
24 the case is over, right, then we would not even get to class
25 certification.

1    It's hard for me to see what would happen in the
2    class certification stage that would give you new grounds
3    for summary judgment to press.  But what am I missing?
4         MS. KRAMER:  I think at this point we just -- we
5    don't know for sure.
6         THE COURT:  What would be the theoretical one?  I
7    can't -- it just doesn't seem theoretically possible.
8         MS. KRAMER:  I think the difficult, Your Honor, is
9    that there's a lot that hasn't been developed in the case,
10   so we don't know -- we don't know what the class definition
11   is going to be, we don't -- we haven't had an articulation
12   of damages from the plaintiffs.  There's a few issues that
13   because of that, there's just a number of things that are
14   still amorphous at this point.
15        THE COURT:  So this seems like potential problems
16   with the class or arguments about what the class should be
17   or whether a class should be certified, right, that's what
18   I'm hearing there.
19        MS. KRAMER:  Likely, yeah.  We just don't want to
20   waive the possibility because we don't have clear insight
21   into this is where things are going, this is what it's going
22   to look like.  We don't really know what things are going to
23   look like at that point down the road and therefore would
24   like to reserve the right to do so with the idea that, you
25   know, most likely we would be able to tee up most of this

1  for pre-certification summary judgment issues, but we don't
2  want to waive that possibility just because we don't --
3              THE COURT:  Right.
4              MS. KRAMER:   -- we don't know at this point.  But
5  I don't have something where I could say, you know, this
6  is -- you know, that's the post-certification issue.
7              THE COURT:  Right.  Okay.
8              All right.  So it sounds like Defendant's proposal
9  is they want to file summary judgment motions that address
10 alterego and standing.
11             Is that right?  Have I got -- anything else you
12 are planning to raise in that motion?  Individual
13 defendants.  And then the 12(b)(6), just the individual
14 defendants.
15             MS. KRAMER:  Sorry, so the question of -- for the
16 individual defendants or the --
17             THE COURT:  Just everything you want to brief
18 right now.  Alterego, individual defendants, standing based
19 on the summary judgment; is that right?
20             MS. KRAMER:  That would be -- yes, I think that's
21 the gist of it, yes.
22             THE COURT:  So that's their proposal of what they
23 would like to brief now.  They would like to skip filing,
24 rather a motion to dismiss briefing on the alterego and the
25 individual defendants because we're so close to the close of

1  discovery, it's just a waste of everybody's resources, but
2  they would like to reserve the ability to file an additional
3  summary judgment motion after class certification
4  potentially.
5           How do you feel about this proposal?
6           MR. JANOVE:  Your Honor, generally, that works
7  fine for us.  It's the most efficient use for the parties
8  and your resources.  We have an outstanding R and O, which
9  you can rule on.
10          Just a couple of points of clarification.  Our
11 theory for liability, which Judge Scanlon upheld in granting
12 us leave to move to amend the complaint, is not only
13 alterego, but also because these entities participate in the
14 operation of GiftRocket.com, but I am just assuming they are
15 going to contest the liability of the new entities.
16          The only thing I would like to alert to the Court
17 is that we do plan, after class certification, assuming that
18 certain classes are certified, to move for affirmative
19 summary judgment on behalf of the class and likely a motion
20 for some sort of permanent injunction.  So if that affects
21 Your Honor's feeling about deciding summary judgment now
22 versus later, that's fine, but I will say we don't really
23 have any objection and like the idea of skipping motions now
24 and they can file summary judgment after discovery closes.
25          THE COURT:  Okay.  So thanks for explaining that

1  for me and it sounds like maybe after class certification,
2  if there is a certification, that we would have at least a
3  motion from plaintiffs for summary judgment potentially,
4  also a cross motion from defendants.
5       When do you want to file the motions that you are
6  contemplating?  Do you want to set a schedule now?
7       MS. KRAMER:  So what we have right now is that the
8  parties are supposed to submit a proposal for the remainder
9  of the case schedule, five days after the close of fact
10 discovery.  So right now, fact discovery is set to close
11 December 13th.  We're talking about extending that.  And
12 then as it stands right now, December 18th, we're supposed
13 to submit a schedule.
14      THE COURT:  You want to include this in your
15 schedule?
16      MS. KRAMER:  I think we should just include this
17 in the schedule, because we do have -- we also have six
18 pending motions to compel on various discovery issues
19 brought by various parties.  A little bit unclear when the
20 discovery process will then ultimately conclude and do we
21 want to wait until all of that is done before anything gets
22 filed to avoid arguments about, you know, it's premature
23 because we don't have all the evidence.  So I think that
24 that's what we would propose is just including this, working
25 with plaintiff's counsel to figure out a schedule.  Once we

1  get to the close of fact discovery and then working this in,
2  figuring out then also how these dates would intersect with
3  the class certification briefing as well.
4            THE COURT: Okay. All right. So does that make
5  sense to you, too? You all will talk about a schedule and
6  you'll propose it?
7            MR. JANOVE: Yes. We will work it out towards the
8  end of discovery and propose a schedule.
9            THE COURT: Okay.
10           MS. KRAMER: And then, Your Honor, the other issue
11 that's still pending with the Court is the objections to the
12 report and recommendation about the protectability of the
13 mark. And that's an issue that --
14           THE COURT: I'm not sure that's on my radar, all
15 right.
16           MS. KRAMER: The docket entry on that is -- I
17 think that's 147.
18           THE COURT: Okay.
19           MS. KRAMER: So docket entry 147.
20           THE COURT: Yes.
21           MS. KRAMER: Was our objections to the report and
22 recommendation from Judge Scanlon. And this has to do with
23 some of the merits of the case, of the -- we say that the
24 plaintiffs need to have a protectable mark and Judge Scanlon
25 didn't rule on that issue. We have been trying to get from

1 helpful just make sure I'm understanding where we are.
2 Thank you.
3            (Matter concluded.)
4
5                  *    *    *    *    *
6
7 I certify that the foregoing is a correct transcript from
  the record of proceedings in the above-entitled matter.
8
9    /s/ Jamie Ann Stanton                November 12, 2024
   _____    _____
10        JAMIE ANN STANTON                       DATE