

Megan O'Neill
moneill@dtolaw.com

September 15, 2025

**VIA ECF**

The Honorable Rachel P. Kovner
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Gracie Baked LLC, et al. v. GiftRocket, Inc. et al.*, No. 1:22-cv-04019-RPK-VMS

Dear Judge Kovner:

I write on behalf of Defendants GiftRocket Inc., Tremendous Inc., Nicolas Baum, Kapil Kale, Jonathan Pines, Benjamin Kubic, GiftRocket LLC, Tremendous LLC, and Tremendous Parent, Inc. ("Defendants") pursuant to Your Honor's Individual Practice Rule IV(A). Defendants request a pre-motion conference to set the briefing schedule and page limit for their intended motion for summary judgment ("the Motion") on the individual class representatives' claims. The Motion, if granted, would resolve the case and obviate the need to rule on class certification.

The GiftRocket website, which was launched back in 2010 by a startup named GiftRocket and took its last order on December 31, 2024, allowed purchasers to gift funds to one another in a personalized way. The sender could suggest the recipient spend their gift at one of the millions of businesses featured on Yelp. The three plaintiffs, Gracie Baked, WeCare d/b/a Café Ole in the Valley, and Millercobb d/b/a Dimensions Massage Therapy ("Dimensions"), complain either that their business was suggested on giftrocket.com (Dimensions) or that it *could have been* suggested on giftrocket.com (Gracie Baked and Café Ole). Plaintiffs assert claims under the Lanham Act, New York General Business Law ("GBL") sections 349 and 350, and for common law unfair competition. The Court should grant summary judgment on all of Plaintiffs' claims.

Plaintiffs will likely argue, as they did in the Parties' joint letter to the Court, ECF 268, that the Motion should be held in abeyance until after a ruling on class certification. Not so. *See id.* at 3–6. Defendants seek summary judgment on the named Plaintiffs' claims for reasons specific to them. Thus, Plaintiffs' pending class certification motion has no bearing here—except that if this Court grants the Motion, class certification would be moot.

  **A. Gracie Baked and WeCare's Claims Cannot Survive Summary Judgment Because They Did Not Suffer Cognizable Harm.**

Gracie Baked and WeCare lack Article III standing. "Under Article III, federal courts do not adjudicate hypothetical or abstract disputes." *TransUnion v. Ramirez*, 594 U.S. 413, 423 (2021); *see also Maddox v. Bank of N.Y. Mellon Tr. Co.*, 19 F.4th 58, 64–65 (2d Cir. 2021) (holding

702 Marshall Street, Suite 640  915 Wilshire Boulevard, Suite 1950  307 5th Avenue, 12th Floor
Redwood City, CA 94063  Los Angeles, CA 90017  New York, NY 10016
main: (415) 630-4100 | dtolaw.com  main: (213) 335-6999 | dtolaw.com  main: (646) 995-5400 | dtolaw.com

plaintiffs lacked Article III standing because although "[t]he misleading record may have been public and available to all . . . so far as is known, it was read by no one"). Here, there is no evidence anyone even saw Gracie Baked and Café Ole on giftrocket.com, let alone purchased a GiftRocket suggesting either business, rendering summary judgment proper.

In addition to lacking standing, Gracie Baked and WeCare cannot establish a key element of false advertising under the Lanham Act: "injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 140 (2014). Given there is no evidence anyone saw their businesses on giftrocket.com or purchased a GiftRocket suggesting use at their businesses, Gracie Baked and WeCare cannot raise a triable issue of fact they suffered reputational harm or lost sales because of GiftRocket.

Gracie Baked's GBL claims fail for the same reason. *See, e.g.*, *Esposito v. Info. Tech. Corp. of the Tri-States*, 2022 WL 1155917, at *6–*7 (S.D.N.Y. Apr. 19, 2022) (granting summary judgment on § 349 claim because plaintiffs did "not offer any proof of actual injury").

### B. WeCare's Claims are Also Moot Because It Sold Café Ole.

"A claim becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Doyle v. Midland Credit Mgmt., Inc.*, 2012 WL 5210596, *2 (E.D.N.Y. Oct. 23, 2012), *aff'd*, 722 F.3d 78 (2d Cir. 2013) (cleaned up). Because WeCare sold Café Ole to someone else in 2024 and therefore no longer has a legally cognizable interest in the outcome of the case, its claims are moot and fail as a matter of law.

### C. Because GiftRocket Shut Down in 2024, Plaintiffs' Claims for Injunctive Relief Fail as a Matter of Law.

The GiftRocket website ceased accepting orders on December 31, 2024. The founders have no plans to restart the business and are focused on other business endeavors. Because Plaintiffs cannot establish an imminent threat of future harm, their injunctive relief claims fail. *See, e.g.*, *Pegasystems Inc. v. Appian Corp.*, 633 F. Supp. 3d 456, 472 (D. Mass. 2022).

### D. Dimensions' False Affiliation and Unfair Competition Claims Fail.

To prevail on its false affiliation claim, Dimensions[1] must show "(1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) in connection with the sale or advertising of goods or services, (5) without [its] consent." *1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406–07 (2d Cir. 2005) (cleaned up). In addition, Dimensions must demonstrate "defendant's use of that mark 'is likely to cause confusion . . . as to the affiliation, connection, or association of [defendant] with [plaintiff], or as to the origin, sponsorship, or approval of [the defendant's] goods, services, or

---

[1] These same arguments apply to Gracie Baked and WeCare, though because they lack standing, *see* Section A, the Court is unlikely to reach these arguments as to Gracie Baked and WeCare.

commercial activities by [plaintiff].'" *Id.* at 407 (quoting 15 U.S.C. § 1125(a)(1)(A)). Dimensions' common law unfair competition claim is governed by the same standard. *See, e.g., Fantasia Distribution, Inc. v. Myle Vape, Inc.*, 766 F. Supp. 3d 373, 394 (E.D.N.Y. 2024). These claims fail as a matter of law for at least three reasons: (1) Dimensions seeks to pursue a false affiliation claim without asserting a protectable mark, but such claim does not exist; (2) even if it did, there is no evidence an appreciable number of purchasers were likely to be confused about an affiliation between Dimensions and GiftRocket; and (3) Dimensions consented to use of its Yelp information.

*First*, Dimensions has consistently stated in this case, including to the Court and in written discovery responses, that its Lanham Act false affiliation claim and unfair competition claims are not based on a protectable mark. *E.g.,* Nov. 12, 2024 Hr'g Tr. 22:3–9; ECF No. 151 at 2–5; ECF No. 109-19 at 26–28; Mot. for Class Cert. 3–4. Because a protectable mark is a requirement of both claims, *1-800 Contacts*, 414 F.3d at 406–07, Dimensions' claims fail as a matter of law.[2]

*Second*, Dimensions' only evidence of confusion is that *one* person, Cassie Riley, purchased a GiftRocket when she intended to buy a Dimensions gift card. But the law requires a showing that an **appreciable number** of ordinarily prudent purchasers are likely to be misled or confused as to sponsorship or affiliation. *See Hormel Foods Corp. v. Jim Henson Prods., Inc.*, 73 F.3d 497, 502 (2d Cir. 1996). Dimensions has no such evidence.

*Third*, Dimensions cannot show its mark was used without its consent because, by claiming its Yelp profile, Dimensions consented to Yelp's Terms of Service (ToS). Yelp's ToS permit others' use of Dimensions' content through the Yelp API, which is what GiftRocket did.

### E. Dimensions' Lanham Act False Advertising Claim Fails Because There is No Evidence GiftRocket Made a False Statement.

To prevail on its false advertising claim, Dimensions must show GiftRocket made a materially false statement about Dimensions that caused it harm. *Lexmark*, 572 U.S. at 133. It cannot do so. To the extent Dimensions intends to base its claim on giftrocket.com's use of the term "gift card," *e.g.*, ECF No. 137 ¶¶ 15, 17, 32, there is no evidence Ms. Riley ever saw the statement "Buy a Dimensions Massage Therapy Gift Card." And, if the supposedly false statement is "Buy a Dimensions Massage Therapy Gift," Dimensions' claim likewise fails given a Dimensions Massage "gift" is precisely what Ms. Riley bought. In any event, GiftRocket promptly refunded Ms. Riley for her purchase, at which point she purchased a gift card directly from Dimensions. For that reason, Dimensions can point to no harm it suffered as a result of a purportedly false statement on giftrocket.com.

---

[2] If Dimensions were to reverse field and argue its claim *is* based on giftrocket.com's use of a protectable mark, Dimensions would be judicially estopped from pursuing that theory. *See Adelphia Recovery Tr. v. Goldman, Sachs & Co.*, 748 F.3d 110, 116 (2d Cir. 2014) (judicial estoppel applied because "[appellant's] later position [was] clearly inconsistent with its earlier position," it "ha[d] succeeded in persuading a court to accept that party's earlier position," and it "would derive an unfair advantage . . . if not estopped").

The Honorable Rachel P. Kovner
September 15, 2025
Page 4

Very truly yours,

Megan O'Neill
Attorneys for the GiftRocket Defendants

1012868