# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. SA-12-CA-282 |
| MITEK SYSTEMS, INC., | § § § | |
| Defendant. | § | |

**ORDER REGARDING MOTION TO EXCLUDE OPINION OF KEITH UGONE**

Defendant Mitek Systems, Inc. has filed a motion to exclude certain opinion testimony of Keith Ugone, the damages expert hired by Plaintiff USAA. Having considered the motion, response, and reply, the Court finds that the motion should be granted.

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion if (1) the expert's knowledge will help the jury to understand the evidence or determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case. FED. R. EVID. 702. Expert testimony is admissible when it is both relevant and reliable. **Brown v. Illinois Cent. R. Co.**, 705 F.3d 531, 535 (5th Cir. 2013). To determine reliability, the Court must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is . . . valid and whether

-1-

that reasoning or methodology properly can be applied to the facts in issue." **Id.** (*Quoting*, **Daubert v. Merrell Dow Pharm., Inc.**, 509 U.S. 579, 592-93 (1993)).

USAA asserts that Mitek misappropriated a combination trade secret relating to its Remote Deposit Capture system - Deposit@Mobile. USAA has hired Keith Ugone as an expert regarding the damages caused by the alleged misappropriation. In his expert report he identifies two measures of damages for misappropriation: (1) USAA's cost to research and develop the trade secret; and (2) Mitek's profits resulting from the misappropriation. To aid in his determination of the cost of development, USAA's technical expert, Bharat Prasad, provided Ugone with a list of projects he believed to be related to the development of the trade secret, along with the cost to USAA of completing those projects. In calculating the cost to USAA of developing its trade secret, Ugone relied entirely on the opinion of Prasad to determine which projects should be included and how much they cost. He did not conduct any independent analysis as to the cost of developing the specified trade secrets.

Mitek has filed a motion to exclude Ugone's opinion testimony regarding the cost of research and development, arguing that (1) Ugone's opinion will not be helpful to the jury because it is simply a recitation of the estimated costs of development identified by USAA; (2) USAA's development costs are not an appropriate measure of damages in this case; and (3) Ugone's

calculations include costs for work that USAA does not claim was misappropriated.

Review of Ugone's damages report and deposition, as well as the information provided to him by Prasad, reveals that his expert report in this regard provides no helpful guidance for a factfinder. In determining the amount of research and development damages suffered by USAA as a result of Mitek's misappropriation, Ugone relies entirely on a spreadsheet provided to him by Bharat Prasad listing the development activity and the cost to USAA. Ugone did not conduct any independent analysis or investigation of Prasad's damages estimates - instead, he simply added them up and offered the sum as his expert opinion. This would not help the jury to understand the evidence or to determine any fact in issue. Ugone's proposed testimony fails to meet the strict criteria for admissibility embodied in Rule 702, Federal Rules of Evidence.

It is therefore ORDERED that the Defendant's motion to exclude the testimony of Keith Ugone as to damages measured by USAA's research and development costs (Doc. No. 307) be, and it is hereby, GRANTED.

SIGNED AND ENTERED THIS 22nd day of July, 2014.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE