

Faris Rashid
(612) 373-8375 Direct
frashid@greeneespel.com

October 2, 2025

<u>**VIA ECF Filing**</u>

The Honorable Rachel P. Kovner
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Pre-Motion Letter to Judge Kovner re: Motion for Summary Judgment
               *Gracie Baked LLC, et al. v. GiftRocket, Inc. et al.,* No. 1:22-cv-04019-RPK-VMS

Dear Judge Kovner:

      Defendant Sunrise Banks, N.A. ("Sunrise Banks") submits this pre-motion letter pursuant to the Court's Individual Practice Rule IV(A). Sunrise Banks intends to join the GiftRocket Defendants' Motion for Summary Judgment and file its own Motion for Summary Judgment raising arguments unique to Sunrise Banks.

**I.    Sunrise Banks's Intended Motion for Summary Judgment Is Appropriate at This Juncture.**

      Sunrise Banks's intended motion is timely. This Court's February 10, 2025 Scheduling Order does not require Sunrise Banks to wait until after certification to move for summary judgment. Moreover, Sunrise Banks's motion would moot class certification because a meritorious motion for summary judgment as to all plaintiffs ends a case, whether styled as a putative class action or not. *See Gorss Motels, Inc. v Lands' End, Inc.*, 997 F.3d 470, 481 (2d Cir. 2021) ("[T]he district court did not err in granting summary judgment to Lands' End and dismissing Gorss's motion for class certification as moot."). If the named Plaintiffs' claims are dismissed, they would need "good cause" to add new plaintiffs—a high bar at this stage. *Cf. Oliver v. Am. Express Co.*, 2023 WL 4471937, at *4 (E.D.N.Y. July 11, 2023) ("[C]lass action attorneys are expected to locate appropriate class representatives at the inception of the litigation and an attempt to add class representatives years later when the case is at or beyond the class certification stage [is] untimely." (quotation omitted)). There is no reason to delay addressing summary judgment because Plaintiffs might file a motion in the future to add unidentified representatives.

**II.    Sunrise Banks Will Join the GiftRocket Defendants' Motion for Summary Judgment.**

      The GiftRocket Defendants' arguments for summary judgment, *see* ECF No. 272, also apply to Sunrise Banks. That is, this Court should grant summary judgment to Sunrise Banks because: (1) Plaintiffs have not suffered any cognizable harm; (2) Plaintiffs' claims for injunctive relief fail because GiftRocket shut down; (3) Plaintiff WeCare d/b/a Café Ole in the Valley's ("WeCare") claims are moot because it sold the business at issue; (4) Plaintiff Millercobb d/b/a Dimensions Massage Therapy's ("Dimensions Massage") false advertising claims fail because

1016343.1

222 South Ninth Street, Suite 2200, Minneapolis, MN 55402-3362
612.373.0830 *tel*   612.373.0929 *fax*   www.greeneespel.com

there is no evidence Defendants made any false statement as to Dimensions Massage; and (5) Dimension Massage's false affiliation and unfair competition claims fail because, among other things, it has no evidence of a protectable mark or consumer confusion.

### III. Sunrise Banks Will Raise Additional Arguments for Summary Judgment.

In addition to arguments for summary judgment applicable to all Defendants, Sunrise Banks intends to raise several additional arguments for summary judgment unique to Sunrise Banks.

#### A. Plaintiffs lack standing against Sunrise Banks because Sunrise Banks stopped working with GiftRocket on new sales years ago, before Plaintiffs filed this lawsuit.

Sunrise Banks entered an agreement with GiftRocket, Inc. on December 1, 2015, to serve as the banking provider for GiftRocket's sale of GiftRocket Prepaid Gifts. Sunrise Banks terminated its agreement with GiftRocket in November 2021, entered a wind-down period, and stopped supporting the sale of new gifts on June 1, 2022. Thus, Plaintiffs cannot establish standing to bring their claims against Sunrise Banks.

*First*, there is no evidence anyone ever purchased a GiftRocket Prepaid Gift for suggested use at Plaintiffs' businesses—or even searched for or viewed Plaintiffs' businesses on giftrocket.com—during the period when Sunrise Banks provided services to GiftRocket. The only GiftRocket Prepaid Gift purchased for suggested use at one of Plaintiff's businesses was for Dimensions Massage, purchased by a potential Dimensions Massage customer in October 2022, *after* Sunrise Banks stopped providing banking services for sales of GiftRocket Prepaid Gifts in June 2022. Whatever happened after Sunrise Banks exited its agreement with GiftRocket cannot support a claim against Sunrise Banks.

*Second*, Plaintiffs' injunctive relief claims fail because Sunrise Banks does not pose any threat of ongoing or imminent future harm. *See, e.g.*, *Doctor's Assocs. LLC v. Hai*, 2019 WL 2385597, at *4 (E.D.N.Y. June 6, 2019); *Pegasystems Inc. v. Appian Corp.*, 633 F. Supp. 3d 456, 472 (D. Mass. 2022).

#### B. Plaintiffs' false affiliation and unfair competition claims against Sunrise Banks fail as a matter of law.

Plaintiffs' false affiliation and unfair competition claims against Sunrise Banks also fail. Each Plaintiff must show, among other things, that an "appreciable number" of ordinarily prudent purchasers are likely to be misled or confused as to sponsorship or affiliation between plaintiff and defendant. *See Hormel Foods Corp. v. Jim Henson Prods., Inc.*, 73 F.3d 497, 502 (2d Cir. 1996). Ignoring this, Plaintiffs have produced no evidence that an appreciable number of prudent customers were actually or likely to be confused about an affiliation with Sunrise Banks.

If Plaintiffs' position is that Sunrise Banks did not directly engage in infringement or unfair competition, but contributed to or aided alleged misconduct by GiftRocket, the claims still fail. A

defendant may be liable for contributory infringement if the defendant "intentionally induces another to infringe a trademark, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement." *Gucci Am. Inc. v. Frontline Processing Corp.*, 721 F. Supp. 2d 228, 247 (S.D.N.Y. 2010). Even if GiftRocket had engaged in some kind of infringement or unfair competition, which Sunrise Banks denies, it is undisputed that Sunrise Banks never intentionally induced or encouraged any unlawful conduct. Nor did Sunrise Banks have knowledge about any alleged infringement as to the named Plaintiffs. Instead, the only inference a reasonable juror could draw from the record is that Sunrise Banks worked to prevent confusion by requesting clarifying language on giftrocket.com.

      C.      **Plaintiffs' false advertising claims against Sunrise Banks fail as a matter of law.**

Plaintiffs cannot prove that Sunrise Banks is directly or indirectly liable for false advertising on any theory. Plaintiffs cannot establish the elements of a Lanham Act false advertising claim against Sunrise Banks because it is undisputed that Sunrise Banks has never made *any* statements in commerce about any of the Plaintiffs, let alone materially false statements. *See, e.g.*, *Merck Eprova AG v. Brookstone Pharms., LLC*, 920 F. Supp. 2d 404, 416 (S.D.N.Y. 2013) (listing false advertising elements). And, as explained above, because there is no evidence of harm caused by Sunrise Banks, none of the Plaintiffs can establish the crucial element of "injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 140 (2014).

If Plaintiffs instead rely on some theory of indirect liability or aiding and abetting, the claim again fails. It is undisputed that Sunrise Banks worked to prevent confusion related to the GiftRocket website. Even if GiftRocket had made false statements that diverted business from Plaintiffs, which Sunrise Banks denies, no reasonable juror could conclude that Sunrise Banks aided or abetted it.

Respectfully submitted,

*/s/ Faris Rashid*

Faris Rashid (pro hac vice)
Counsel for Defendant Sunrise Banks, N.A.

Cc: All Counsel of Record via ECF