

| | | |
|---|---|---|
| Raphael Janove<br>Shareholder | 500 7th Avenue<br>8th Floor<br>New York, NY 10018 | T 646-347-3940<br>raphael@janove.law<br>www.janove.law |

October 10, 2025

**V<span>IA</span> ECF**
The Honorable Rachel P. Kovner
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**     *Gracie Baked LLC, et al. v. GiftRocket, Inc.*, No. 1:22-CV-04019 (RPK) (VMS)

Dear Judge Kovner:

  I write on behalf of Plaintiffs to submit a notice of supplemental authority in support of Plaintiffs' Motion for Class Certification. *See* ECF No. 274.[1] Attached as Exhibit A is the September 4, 2025 decision of the court in *Lynn Scott, LLC, v. Grubhub Inc.*, Case No. 20-C-6334, ECF No. 271 (N.D. Ill.), granting preliminary approval of a proposed class action settlement involving Lanham Act and unfair competition claims similar to those at issue here. Like with Plaintiffs' claims based on the operation of GiftRocket.com, the plaintiffs in *Grubhub* brought a class action lawsuit based on defendant's "add[ing] restaurants to its food ordering and delivery platforms without a contract thereby causing damage to the restaurants." Ex. A at 1.

  The proposed settlement provides for a $7,154,586.00 common fund. *Id.* ¶ 6. This decision continues an unbroken series of courts approving settlements of similar Lanham Act claims based on the common operation of a defendant's online platform. And *Grubhub* shows how exceptional this action is, in which, unlike others, Defendants continue to defend their misconduct and argue that class certification is inappropriate.

  In *Grubhub*, the court found that key Rule 23 factors favored class treatment. For instance, commonality was satisfied because:

> Resolution of the Action would depend on the common answers to common questions, such as whether Defendant's inclusion of unaffiliated restaurants on its platforms was likely to cause confusion as to the restaurants' affiliation with Grubhub, whether Defendant engaged in false advertising by including restaurants with no contracts on its website and mobile apps, and whether Defendant is liable to restaurants injured as a result of being added to Defendant's food ordering and delivery platforms without a contract in place

*Id.* ¶ 14.

---

[1] Plaintiffs awaited the filing of the class certification motion on September 30, 2025, pursuant to the Court's bundling rule, before filing this notice because it would not make sense to point the Court to supplemental authority before providing the Court with the original authority.



>  Predominance was met because:
>
>> Key elements of Plaintiffs' claims are Defendant allegedly adding restaurants to its food ordering and delivery platforms, listing the restaurants' names or logos without permission, and confusing consumers into believing the restaurants were working with Grubhub, even though they were not.

*Id.* ¶ 17.  Superiority was met because "[m]any members of the proposed Settlement Class may not have suffered sufficient damages to justify the costs of expensive litigation." *Id.* ¶ 18.

In three other similar Lanham Act class actions (where undersigned counsel served as class counsel), a court has approved a class-wide settlement, finding Rule 23 satisfied. *See* ECF No. 277 (Janove Decl. iso Class Certification) ¶ 13 (referencing final approval of Lanham Act class action settlements in *Tipsy Nail Club v. ClassPass*, No. 1:21-cv-08662 (S.D.N.Y), *WeCare RG et al. v. Giftly Inc.*, No. 2:22-cv-02672 (E.D.Pa), and *Salon Phoenix Cosmetology LLC et al. v. Groupon*, No. 1:22-cv-07162 (N.D. Ill.)).[2] That is because, just like *Grubhub* and this action, these cases involved a website or online platform's uniform and common conduct of listing businesses without consent.

Respectfully Submitted,

*/s/ Raphael Janove*

Raphael Janove

---

[2] Undersigned counsel served as class counsel in *ClassPass, Giftly,* and *Groupon*.