

Megan O'Neill<br>
moneill@dtolaw.com

October 30, 2025

**VIA ECF**

The Honorable Gary R. Brown
United States District Court
100 Federal Plaza
Central Islip, NY 11722

**Re:** *Gracie Baked LLC, et al. v. GiftRocket, Inc. et al.*, No. 1:22-cv-04019-GRB-VMS

Dear Judge Brown:

I write jointly on behalf of Defendants GiftRocket Inc., Tremendous Inc., Nicolas Baum, Kapil Kale, Jonathan Pines, Benjamin Kubic, GiftRocket LLC, Tremendous LLC, and Tremendous Parent, Inc. (the "GiftRocket Defendants"), Defendant Sunrise Banks, N.A., and Plaintiffs following Your Honor's reassignment to this case.

**Defendants' Position**

On October 15, 2025, Judge Kovner held a pre-motion conference on the GiftRocket Defendants' and Defendant Sunrise Banks's forthcoming motions for summary judgment. *See* 10/16/2025 Order; *see also* ECF Nos. 272, 285. Defendants had filed pre-motion letters stating they intended to move for summary judgment as to the individual Plaintiffs' claims, including because Plaintiffs cannot show triable facts that they have Article III standing. Because the summary judgment motions Defendants intend to file address the claims of the three individual plaintiffs and, if granted, would moot Plaintiffs' pending class certification motion, Defendants asked Judge Kovner to set a briefing schedule for summary judgment in short order. ECF Nos. 272, 285. Plaintiffs responded to Defendants' pre-motion letters by asking the Court to hold the summary judgment motions in abeyance until after class certification, arguing they raised duplicative issues of those raised at the pleadings stage and in opposition to class certification. ECF Nos. 273, 286. For the Court's convenience, these letters are attached as Exhibit A.

Judge Kovner held a pre-motion conference on October 15, 2025. *See* 10/15/2025 Order. The Parties answered various questions from Judge Kovner regarding the positions set forth in their letters, including Plaintiffs' contention that Defendants' intended summary judgment arguments were duplicative of motion to dismiss arguments challenging whether the allegations in the operative complaint were sufficient to establish Article III standing.[1] Defendants explained that

---

[1] On April 11, 2024, Defendants GiftRocket, Inc., Tremendous, Inc., Nicolas Baum, and Kapil Kale filed an objection to Judge Scanlon's March 28, 2024 Report and Recommendation denying their May 31, 2023 motion to dismiss. *See* ECF No. 148. Their objection is still pending.

702 Marshall Street, Suite 640
Redwood City, CA 94063
main: (415) 630-4100 | dtolaw.com

915 Wilshire Boulevard, Suite 1950
Los Angeles, CA 90017
main: (213) 335-6999 | dtolaw.com

307 5th Avenue, 12th Floor
New York, NY 10016
main: (646) 995-5400 | dtolaw.com

The Honorable Gary R. Brown
October 30, 2025
Page 2

the summary judgment motion (1) would be based on all record evidence and establish none of the plaintiffs had viable claims, thus ending the case if granted such that a ruling on class certification would be unnecessary, and (2) would raise additional arguments not raised in the motion to dismiss.  *See* Exhibit B (Oct. 15, 2025 Hr'g Tr.).  At the conclusion of the hearing, Judge Kovner instructed the parties to jointly submit a briefing schedule for summary judgment motions, which they did.  *See* 10/15/2025 Order; ECF No. 288.  On October 20, 2025, the case was transferred to this Court.  *See* 10/20/2025 Order.  The briefing schedule the Parties proposed, which sought to have motions due on November 21, 2025, with briefing concluded as of February 19, 2026, has not yet been adopted.  ECF No. 288.

Defendants write to call the Court's attention to the proposed briefing schedule pending before the Court.  Defendants also write to note that, during the pre-motion conference, Judge Kovner indicated there was no rush to file the summary judgment motions in light of her impending leave.  For that reason, Defendants agreed to a more elongated schedule than they previously proposed in court.  *See* Exhibit B (Oct. 15, 2025 Hr'g Tr. 23:25–24:6) (proposing motions due November 13, 2025; oppositions by December 23, 2025; and replies by January 23, 2026).  If this Court would prefer a more accelerated briefing schedule given the motion for class certification was already filed, Defendants would be happy to meet and confer with Plaintiffs to jointly propose one, such as the one the GiftRocket Defendants initially proposed at the hearing.

**Defendant Sunrise Banks's Position**
Sunrise Banks's forthcoming summary judgment motion, described in the pre-motion letter at ECF No. 285, will be its first dispositive motion, and it will seek dismissal of all claims brought by the named Plaintiffs against Sunrise Banks on legal and/or factual grounds. If the motion is granted in full, Sunrise Banks would no longer be a party to this case, as all claims against it would be resolved. Addressing Sunrise Banks's forthcoming summary judgment motion either before or simultaneously with the pending motion for class certification would therefore be most efficient toward resolving or narrowing this matter. Sunrise Banks is prepared to serve and file its summary judgment briefs on the briefing schedule jointly proposed by the parties, or as the Court alternatively orders.

**<u>Plaintiffs' Position</u>**

Plaintiffs do not believe it was necessary to file a letter at this time as none of the issues raised in this letter are urgent and the Parties already submitted a joint letter concerning these topics. However, in order to avoid burdening the Court with an additional separate filing responding to this letter, Plaintiffs have worked with the GiftRocket Defendants on this submission, which the GiftRocket Defendants were determined to file.

Plaintiffs disagree with the above characterizations of the summary judgment motions, the October 15 hearing and the reason for the schedule. This case was filed in July 2022, and there is no reason that Defendants' duplicative summary judgment arguments need to be briefed on a more compressed schedule than the one to which the Parties already agreed, and during the holiday season. If Your Honor wishes to revisit the schedule in this case and the various motions

The Honorable Gary R. Brown
October 30, 2025
Page 3

already pending, Plaintiffs request that the Court schedule a conference to discuss these matters before setting a briefing schedule on the additional anticipated summary judgment motions. Plaintiffs continue to believe that it is inefficient for Defendants to file additional motions raising the same arguments that are already pending before the Court in multiple other submissions. These include the GiftRocket Defendants' objections to a ruling by Judge Scanlon denying their motion to dismiss, which the GiftRocket Defendants refuse to withdraw even though they have also made the same arguments in their opposition to class certification and intend to raise them again in the motion for summary judgment. *See* n.1, *supra*. Decisions on the pending motions would likely obviate or streamline the arguments Defendants wish to make, again, in another set of meritless dispositive motions.

As to Defendant Sunrise Banks, although this is its first dispositive motion, several of the arguments are the same as those already raised in the class certification briefing and duplicative of arguments already made by the GiftRocket Defendants, including Defendant Benjamin Kubic who filed a separate summary judgment motion in early 2025 arguing that he was not liable under the same broad vicarious liability standards that apply to Sunrise. ECF No. 251; *see Johnson & Johnson v. Guilin Chung Fai Biotech Co.*, 2018 WL 2078233, at *11 (E.D.N.Y. Jan. 16, 2018) (Joint liability under the Lanham Act is broad: it may "be imposed on '[a]ll those who, in pursuance of a common plan to commit an act which is tortious, actively take part in it, or further it by cooperation or request, or lend aid or encouragement, or ratify and adopt the acts done,' for they 'are as equally liable as the person who performs the tortious act itself.'"). And the Sunrise-specific arguments are so obviously not grounds for summary judgment that the motion could be denied based solely on the handful of documents cited in Plaintiffs' pre-motion conference letter. *See* ECF No. 286 at 3 (included in Exhibit A).

Very truly yours,

Megan O'Neill
Attorneys for the GiftRocket Defendants

/s/ Gina Tonn
Attorneys for Defendant Sunrise Banks, N.A.

/s/ Raphael Janove
Raphael Janove
Attorneys for Plaintiffs