

Megan O'Neill
moneill@dtolaw.com

December 23, 2025

**VIA ECF**

The Honorable Gary R. Brown
Courtroom 940
100 Federal Plaza
Central Islip, NY 11722

      Re:  *Gracie Baked LLC, et al. v. GiftRocket, Inc. et al.*, No. 1:22-cv-04019-GRB-VMS

Dear Judge Brown:

I write on behalf of Defendants GiftRocket Inc., Tremendous Inc., Nicolas Baum, Kapil Kale, Jonathan Pines, Benjamin Kubic, GiftRocket LLC, Tremendous LLC, and Tremendous Parent, Inc. ("GiftRocket Defendants") in response to Plaintiffs' Notice of Supplemental Authority in support of Plaintiffs' Motion for Class Certification (ECF No. 287). Plaintiffs cite *Lynn Scott, LLC, v. Grubhub Inc.*, No. 20-C-6334 (N.D. Ill.), where the court approved an unopposed motion for preliminary approval of a class action settlement.

As the GiftRocket Defendants explained in their Opposition to Plaintiffs' Motion for Class Certification—which Plaintiffs failed to address on reply—class action settlements have little to no bearing as to whether a contested motion for class certification should be granted. *See* ECF No. 278, at 44 n.23. This is because "whether a proposed class is sufficiently cohesive to satisfy Rule 23(b)(3) is informed by whether certification is for litigation or settlement." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 558 (9th Cir. 2019) (en banc). "*A class that is certifiable for settlement may not be certifiable for litigation if the settlement obviates the need to litigate individualized issues that would make a trial unmanageable.*" *Id.* (emphasis added); *see also Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 660 (7th Cir. 2004) ("The class might be unmanageable if the case were actually tried yet manageable as a settlement class because the settlement might eliminate all the thorny issues that the court would have to resolve if the parties fought out the case."); 2 Newberg & Rubenstein on Class Actions § 4:63 (6th ed. June 2025 Update) ("[I]n settlement class actions, because manageability need not be a concern, predominance—the main focus of manageability—recedes in importance as well."). Indeed, the *Lynn Scott* court repeatedly emphasized that its findings were "*for settlement purposes only*." ECF No. 287-1 ¶¶ 17, 19 (emphasis added); *see also id.* ¶ 12.

This case involves overwhelming individualized issues that would render any trial unmanageable. By way of example only:

702 Marshall Street, Suite 640
Redwood City, CA 94063
main: (415) 630-4100 | dtolaw.com

915 Wilshire Boulevard, Suite 1950
Los Angeles, CA 90017
main: (213) 335-6999 | dtolaw.com

307 5th Avenue, 12th Floor
New York, NY 10016
main: (646) 995-5400 | dtolaw.com

- How will the parties argue, and the court decide, whether each of the millions of putative class members owns a protectable mark (including, for any merely descriptive mark, consideration of consumer studies, sales history, advertising spend, and media coverage necessary to establish secondary meaning)?  *See* ECF No. 278, at 27–29.

- How will the parties argue, and the court decide, whether consumers were likely to be confused as to each of the millions of putative class members (considering unique factors such as strength of mark and sophistication of consumers).  *See id.* at 29–30.

- How will the parties argue, and the court decide, whether, for each putative class member for which a GiftRocket was sold for suggested use, any consumer ever saw the allegedly false statement "[Business Name] Gift Card" (which was not present on all versions of giftrocket.com throughout the putative class period).  *See id.* at 35–36.

- How will the parties argue, and the court decide, when each putative class member should have been aware it was suggestable through giftrocket.com (and, thus, whether its claims are barred by laches or limitations periods).  *See id.* at 39–41.

Plaintiffs have never identified answers to these questions, and *Lynn Scott* offers no insight.  In sum, Plaintiffs' Notice of Supplementary Authority does not move the needle on Plaintiffs' meritless class certification arguments.

Very truly yours,

Megan O'Neill

Attorneys for the GiftRocket Defendants