```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
GRACIE BAKED LLC, WECARE RG, INC.,      :
and MILLERCOBB LLC, on behalf of        :
themselves and all others similarly situated, :
                                        :                    **ORDER**
                    Plaintiffs,         :
                                        :               22 Civ. 4019 (GRB) (VMS)
        -against-                       :
                                        :
GIFTROCKET, INC., TREMENDOUS, INC.,     :
NICHOLAS BAUM, KAPIL KALE,              :
JONATHAN PINES, BENJAMIN KUBIC,         :
TREMENDOUS PARENT, INC.,                :
TREMENDOUS, LLC, GIFTROCKET, LLC,       :
and SUNRISE BANK, N.A.,                 :
                                        :
                    Defendants.         :
------------------------------------------------------------ X
```

**Vera M. Scanlon, Chief United States Magistrate Judge:**

The motion filed by Defendant GiftRocket LLC ("Defendant") to compel compliance with Federal Rule of Civil Procedure 26(b)(4)(E) by Plaintiffs Gracie Baked LLC, Millercobb LLC and WeCare RG, Inc. ("Plaintiffs"), see generally ECF Nos. 270-270-7, is granted. Plaintiffs must remit the $13,500.00 payment for Dr. Ugone's deposition within seven business days of the issuance of this Order.

**I.    DISCUSSION**

Federal Rule of Civil Procedure 26(b)(4)(A), provides, in relevant part, that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." In order "to calibrate the fee so that [parties] will not be hampered in efforts to hire quality experts, while [their adversaries] will not be burdened by unfairly high fees preventing feasible discovery and resulting in windfalls to the expert," Mendez-Caton v. Caribbean Family Health Ctr., 340 F.R.D. 60, 65 (E.D.N.Y. 2022) (citation & quotations omitted), Federal Rule of

Civil Procedure 26(b)(4)(E) states, in relevant part, that, "[u]nless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." See Broadspring, Inc. v. Nashed, 683 F. App'x 13, 15-16 (2d Cir. 2017) (stating that Federal Rule of Civil Procedure 26(b)(4)(E) "requires a district court to order that a party deposing an expert pay a reasonable fee '[u]nless a manifest injustice would result'" (quoting Fed. R. Civ. P. 26(b)(4)(E))). The party seeking reimbursement for the expert's fees "bears the burden of demonstrating that the fee is reasonable," but, "where the party seeking reimbursement fails to meet its burden, the court may use its discretion to determine a reasonable fee." Mendez-Caton, 340 F.R.D. at 65 (citations & quotations omitted). A reasonable fee must consist of both a reasonable hourly rate and a reasonable number of compensated hours. As to the reasonable hourly rate,

> courts consider the following factors: (1) the witness's field of expertise; (2) the education and training required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interests implicated by Rule 26.

Addison v. Gordon, 338 F.R.D. 577, 579 (S.D.N.Y. 2021) (citation & quotations omitted). As to the reasonable number of compensated hours, "[t]he time an expert spends being deposed is always compensable," and "[t]ime spent preparing for a deposition is also ordinarily compensable." Mendez-Caton, 340 F.R.D. at 66 (footnote & citations omitted).

Defendant has hired Dr. Keith R. Ugone ("Dr. Ugone") as a damages expert. Dr. Ugone has a bachelor of arts in economics from the University of Notre Dame, a master of arts in economics from the University of Southern California, and a doctor of philosophy in economics from Arizona State University. See ECF No. 270-3 at 2. He is currently a senior advisor at

Analysis Group and previously held various roles, including at PricewaterhouseCoopers LLP and at academic institutions. See id. He has provided testimony in depositions and at trials, hearings and arbitrations in hundreds of cases. See generally ECF No. 270-4. Plaintiffs deposed Dr. Ugone on July 11, 2025, from 9:53 AM to 7:10 PM, with seven hours of deposition testimony on the record. See ECF No. 270-1 para. 6. Defendant seeks reimbursement of $13,500.00 for Dr. Ugone's fees, consisting of seven hours for the deposition and 5.5 hours for deposition preparation, totaling 12.5 hours, which yields an hourly rate of $1,080.00. See ECF No. 270-2 at 5-6.

The parties have two disputes in relation to the payment of Dr. Ugone's fees for his deposition and the related preparation: first, whether Dr. Ugone should be compensated as an expert at all and, second, whether Dr. Ugone's fee is reasonable. See generally ECF No. 270.

A.     **Entitlement To Fees**

As to the former dispute, the Court concludes that Plaintiffs have not identified any information upon which the Court could conclude that requiring Plaintiffs to pay fees for Dr. Ugone's expert deposition would "manifestly unjust," per Federal Rule of Civil Procedure 26(b)(4)(E). See Se-Kure Controls, Inc. v. Vanguard Prod. Grp., 873 F. Supp. 2d 939, 957 (N.D. Ill. 2012) (stating that "[a] finding of manifest injustice is rare and is granted only in extreme circumstances" and collecting cases in which courts found manifest injustice, including where a party "was found to have engaged in inequitable conduct in the prosecution of a patent infringement suit," where a "deposition was required to clear up confusion caused by [the] requesting party's counsel's misrepresentations of expert's opinions to [the] deposing party" and where the "losing party[] request[ed] . . . expert witness fees" but the "prevailing party withdrew their request for expert witness fees"). Thus, the default rule requiring this Court to order

3

Plaintiffs to pay a reasonable fee to Dr. Ugone applies. See Broadspring, Inc., 683 F. App'x at 15-16 (citation omitted).

Concluding otherwise based on Plaintiff's argument that Dr. Ugone is not an expert in his field would be premature and would require the Court to make determinations as to the merits of the pending Daubert motion. See generally ECF No. 280. Further, allowing Plaintiffs to at least temporarily avoid their obligation to pay Dr. Ugone's expert fees, when Plaintiffs knowingly decided to depose Dr. Ugone in spite of their position that their own "damages theory is based on simple mathematical calculations that do not require any expertise to understand" and that "[h]is report and testimony add no value," ECF No. 270 at 8, would be inconsistent with Federal Rule of Civil Procedure 26(b)(4)(E).

Plaintiffs' alternate position is that, because Plaintiffs filed a Daubert motion seeking to exclude Dr. Ugone's testimony, "[t]he Court should hold the motion in abeyance until the pending Daubert motion is resolved or deny it as premature," as requiring Plaintiffs to pay any fees to Dr. Ugone for his expert deposition at this time would be "manifestly unjust." Id. at 6, 8. The potential of a successful Daubert motion does not rise to the level of a "manifest injustice" here, particularly when the parties have invested extensive resources in both the prosecution and defense of this action, consisting of a multitude of discovery disputes and multiple rounds of dispositive motion practice throughout the course of the litigation. Plaintiffs' argument incorrectly substitutes the Daubert standard for the Federal Rule of Civil Procedure 26(b)(4)(E) standard, by which the Court must assess whether payment is due. Although these Rules may overlap for purposes of analyzing whether an expert is a completely unqualified or irrelevant "expert," their application does not necessarily lead to the same result. For example, a Daubert motion might be granted because an expert was retained to opine on an issue that the Court

4

excluded from evidence for reasons unrelated to the expert's qualifications or expertise, yet ordering payment of the fees would not be manifestly unjust because the expert did the work to prepare for and appear for the deposition to provide useful, if ultimately excluded, evidence. It might also be manifestly unjust to require a party to pay for a deposition (e.g., because of counsel's disclosure schedule violation), yet the Daubert motion would not be granted so as to exclude the expert. The Court rejects Plaintiffs' attempt to morph a possibly successful Daubert motion into a sanctions motion that would require the party who offers an expert but loses a Daubert motion to absorb the costs of the expert deposition, possibly even the very deposition that may have helped the moving party succeed on the Daubert motion.

In support of their position, Plaintiffs rely upon Trombetta v. Novocin, No. 18 Civ. 993 (RA) (SLC), 2023 WL 2575242 (S.D.N.Y. Mar. 30, 2023), and Flynn v. Cable News Network, Inc., No. 21 Civ. 2587 (GHW) (SLC), 2023 WL 5051909 (S.D.N.Y. July 13, 2023). In both Trombetta and Flynn, the courts denied without prejudice requests for determinations of fee awards for depositions to purported experts, pending the outcome of Daubert motions. See Trombetta, 2023 WL 2575242, at *1-2; Flynn, 2023 WL 5051909, at 1-2. In both cases, the court described fairly extreme evidence of the proposed experts' lack of qualifications to testify.

Here, the Court is unable to similarly conclude, based on the parties' submissions, that requiring Plaintiffs to pay Dr. Ugone's expert fees would constitute a manifest injustice, which is the basis upon which the Court is permitted to excuse the payment of such fees pursuant to Federal Rule of Civil Procedure 26(b)(4)(E). Plaintiffs, which did not retain a testifying expert on damages in this matter, take the position that expert testimony on damages is unnecessary, which appears to be, at least in part, the basis for their Daubert motion. See ECF No. 270 at 8 (stating Plaintiffs' position that their "damages theory is based on simple mathematical

5

calculations that do not require any expertise to understand" and that Dr. Ugone's "report and testimony add no value"). Plaintiffs were, of course, aware of their own damages theory and familiar with Dr. Ugone's expert report prior to deciding to depose him, and they were, or should have been, aware of the confines of Federal Rule of Civil Procedure 26(b)(4)(E). That Plaintiffs do not want to call an expert does not mean that Defendant should pay for Plaintiffs' deposition of Defendant's expert so that, "just in case" his testimony is allowed, Plaintiffs would be better prepared than they would have been without the Ugone deposition. Plaintiffs were free to forego this deposition had they been unwilling to pay for it; Defendant is not required at this juncture to finance Plaintiffs' litigation choices.

## B. Amount Of Fees

As to the latter dispute, the Court concludes that the requested expert fees in the amount of $13,500.00 are reasonable.

Plaintiffs' position is that both the hourly rate of $1,080.00 and the 5.5 hours of time spent preparing for the deposition are unreasonable. See ECF No. 270 at 9-10. As to the hourly rate, Defendant offers that "Dr. Ugone is a highly credentialed economist with over 39 years of experience in conducting economic and damages analysis and has served as an expert approximately 100 times in the last decade, often in class actions"; that Defendant "seeks reimbursement from Plaintiffs for the same hourly rate it paid Dr. Ugone in this matter, which is the same rate Dr. Ugone charges for all of his 2025 matters"; and that various cases support the requested hourly rate. ECF No. 270 at 4-5 (citations omitted). The only case relied upon by Defendant approving the hourly rate for an expert economist is Banga v. Kanios, No. 16 Civ. 4270 (RS) (DMR), 2021 WL 1117336, at *2 (N.D. Cal. Mar. 24, 2021), see ECF No. 270 at 5, in which the Court approved the $800.00 hourly rate when the case was "not complex, the

deposition [was] . . . conducted remotely with no travel involved, and the deposition [was] . . . likely [to] only take several hours rather than the whole day." Banga, 2021 WL 1117336, at *2; per the United States Department of Labor's CPI inflation calculator, this would amount to $978.73 as of December 2025.  In view of the foregoing, as compared to the present circumstances, in which the deposition was conducted in person and for a full day concerning this putative class action, Dr. Ugone's proposed hourly rate of $1,080.00 is reasonable, particularly given that Dr. Ugone appeared in person for the deposition.  See ECF No. 270-5 at 2.  As to the number of hours, the seven hours spent at the deposition is compensable, and 5.5 hours of deposition preparation is entirely reasonable.  See Mendez-Caton, 340 F.R.D at 67 (collecting cases concluding that time spent on deposition preparation approximately equivalent to the time spent in the deposition is reasonable).  Dr. Ugone did not seek compensation for travel time, more than two hours of off-the-record time at the deposition, or time spent preparing for the deposition on his own.  See ECF No. 270 at 1.

Plaintiffs must remit the $13,500.00 payment for Dr. Ugone's deposition within seven business days of the issuance of this Order.

Dated: Brooklyn, New York
      February 13, 2026

*Vera M. Scanlon*
--------------------------------
VERA M. SCANLON
United States Magistrate Judge